## Order of Solon et al., Appellants, *v.* Folsom et al.

*Beneficial associations—Elections—Equity—Practice—Assignment for benefit of creditors.*

On a bill in equity to declare void an assignment for the benefit of creditors by a beneficial association, the court below found that the assignment was illegal, although made by the persons who appeared to be the real representatives of the association. At the time of the assignment there were two opposing sets of officers. On appeal by plaintiffs, the Supreme Court found that the evidence was so conflicting, and the confusion and irregularities of the proceedings under contested and disputed by-laws and regulations so great, that it was impossible for the court to arrive at any conclusion with entire confidence. It was accordingly decreed that the whole matter should remain in statu quo until the next meeting of the Supreme Lodge then near at hand, when new officers could be regularly elected by the body which was acknowledged by both parties to be the rightful governing head of the order.

Argued March 15, 1894. Appeal, No. 92, Oct. T., 1894, by plaintiffs, Order of Solon et al., from decree of C. P. No. 2, Allegheny Co., Jan. T., 1894, No. 795, on bill in equity in favor of plaintiffs against defendants, Glenn I. Folsom et al. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Bill to avoid assignment for benefit of creditors.

The bill averred that the Order of Solon was incorporated by C. P. No. 1, Allegheny Co., as a secret fraternal association ; that complainants were officers of the Order of Solon ; that the respondents, claiming to be officers of the order, made a deed of voluntary assignment for the benefit of creditors to Matthew G. Clark, as assignee, and that the property of said order was in the custody and control of the assignee by virtue of the assignment and deposited with the Mercantile Trust Co. The bill prayed for an injunction, the cancellation of the deed of assignment, and for a decree directing said assignee and said Mercantile Trust Co. to pay over to one of their number, W. C. McKelvey, the property of the order.

The respondents filed an answer in which they set up that they were the officers of the Order of Solon, duly elected and in possession of said offices ; that said complainants were not

officers of the order or entitled to hold any offices, with the exception of one or two minor offices which complainants did not claim to hold ; that a deed of voluntary assignment was executed by the properly constituted board of trustees named in the charter of said order to Matthew G. Clark on Oct. 24, 1893, for payment of debts and distribution of the funds of said order among the persons entitled to receive them ; that complainants, pretending to act as officers and as the executive committee of said order, had attempted to withdraw from the funds of said order, for their own benefit, the sum of about sixteen thousand dollars, being about one third of the available assets of the order, and to appropriate the same to their own use.

The case was referred to Thomas Patterson, Esq., as master, who reported in favor of plaintiffs, finding that the respondents were the proper officers, but that the assignment was not made by the proper parties, under their constitution, and imposing the costs upon the funds of the order.

Exceptions to the master's report, to the finding that respondents were the proper officers, and to the imposition of costs, were dismissed.    Plaintiffs appealed.

*Errors assigned* were dismissal of exceptions, quoting them.

*J. G. White, L. K. Porter* and *James Fitzsimmons* with him, for appellants.

*J. S. Young, S. U. Trent* with him, for appellees.

OPINION BY MR. JUSTICE MITCHELL, April 23, 1894 :

When this case was here before (Crombie v. Order of Solon, 157 Pa. 588) all that was decided was that, on the case then before the court on bill and answer, the injunction and appointment of a receiver could not be sustained as matter of law, though they might have been, as in fact appears probable from subsequent events, for the best interests of the order itself, and of all the parties concerned.  Subsequently to that decision the difficulties in the affairs of the order appear to have increased, and an assignment for the benefit of creditors was made to one of the present defendants.   We have now before

us two parties, each claiming to be the rightful officers and true governing body of the order. The master and the court below have found and decreed that the assignment was illegal and must be set aside, though the party which made and favors it are the true representatives of the order. The evidence is so conflicting, and the confusion and irregularities of the proceedings, under contested and disputed by-laws and regulations, so great, that it is impossible for any court to arrive at a conclusion with entire confidence. We are not without serious doubt whether we should, on original examination, have reached the same result as the master and the learned court below, but we are not able to say that they have fallen into error. In this position of affairs we think the suggestion of the learned court below is eminently wise and equitable, that the whole matter should remain substantially in statu quo until the session of the Supreme Lodge in May, when new officers should be regularly elected by the body which is acknowledged by both parties to be the rightful governing head of the order.

The decree will therefore be affirmed, but with a direction to the court below to make such further order, or modification of its decree, as will secure the integrity of the funds of the order until the new election.

Decree accordingly.