# Com. ex rel. W. U. Hensel, Attorney General, *v.* Order of Solon.

166    33
s192  485
s192  489
192   493

*Corporation—Quo warranto—Ouster—Lis pendens—Appeal.*

Where, in a controversy between contending factions of a beneficiary association, the Supreme Court decrees that matters shall remain in statu quo until the next session of the supreme lodge of the order, the commonwealth may in the meantime institute proceedings of quo warranto and obtain a judgment of ouster against the corporation.

In such a case the quo warranto of the commonwealth is a new proceeding by a new party, and has nothing to do with the dispute between the contending factions. It raises the question against both parties alike whether the corporation itself has any further right to exist.

Where in such a case the supreme lodge accepts as final the decree of ouster, and directs the officers of the order to take no appeal, and follows this action by omitting to elect any new officers and adjourning sine die, the minority party has no standing to appeal from the judgment of ouster.

Argued Nov. 8, 1894. Appeal, No. 6, May T., 1895, by defendants, from judgment of C. P. Dauphin Co., June T., 1894, No. 310, on quo warranto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Quo warranto. Before SIMONTON, P. J.

The facts appear by the following petition to open judgment of ouster:

" The petition of the Order of Solon respectfully represents: That the Order of Solon is defendant in the above proceedings, and that when the said case was heard before your Honorable Court, the affairs of the said order were at a stand-still; that those who had acted as supreme officers of the order since the biennial session ending December 7, 1892, and conducted its affairs and defended it against the litigation which had in view the disruption of the order, were, by the decree of the Court of Common Pleas No. 2, Allegheny County, supplanted by those who had sought the destruction of the order, pending election.

" The said action of the court below in the case of the Order of Solon v. Glenn I. Folsom et al., No. 795, January Term, 1894, C. P. No. 2, Allegheny Co., Pa., was not disturbed by

the Supreme Court, which, in an opinion filed, indicated dissent from the finding of the court below, and directed that the affairs of the order remain in statu quo pending the biennial session of the supreme lodge of the order to meet on May 28, 1894. That on the promulgation of the said direction of the Supreme Court, the officers of the association, as per decree of the court below, in the case of the Order of Solon v. Glenn I. Folsom et al., met and importuned the attorney general to issue a writ of quo warranto with a view of obtaining a judgment of ouster against the said order before the said meeting of the supreme lodge.

" The said writ of quo warranto was accordingly issued and served on the attorneys who had represented the said order in all its litigation up to said date. Those who by the decree of the court below, as aforesaid, were declared to be the officers of the order, would not defend the order, as the writ was issued at their instance and in their individual interest, hence it became necessary for the corporate body of the Order of Solon to act in its own behalf through those who composed the body of the same.

" The corporate or supreme body at this time consisted of 29 persons; 26 of these caused an answer to be filed in said quo warranto proceedings denying all the material allegations contained in the information of the attorney general in this case. On the return day of the writ this was the only answer on file in the case, but, when the case came up for argument, the attorney general presented to the court a paper signed by Glenn I. Folsom and A. J. Rogers, in which they claimed, respectively, to be the supreme president, and supreme secretary of the defendant order, and admitted the allegations contained in the information in this case. Your Honorable Court admitted the said paper as the answer of the Order of Solon in this case, thereby making the said Folsom and Rogers both complainants and respondents. Your Honor excluded the answer filed by those composing the corporate body of the Order of Solon, and on the information and answer, so called, did on the 24th day of May, 1894, enter judgment of ouster against the defendant order.

" Your petitioner believing that Your Honor is clearly in error in these premises, and has been misled as to the nature,

character and corporate rights of the said order, and that the said judgment of ouster in this case contravenes the laws and constitution of this commonwealth, and the constitution of the United States, by invalidating the contract between the state and its corporate trustee, and seven thousand contracts between the said trustee and its cestuis que trust or certificate holders, each one of whom has a right in equity to a specific performance of the trust, and has also the right to prevent any appropriation of the funds of the order to purposes other than those for which they were contributed, and further believing that the decree directing the distribution in this case cannot be lawfully executed.

"Your petitioner further states that the said Folsom and Rogers had no right or authority to represent the Order of Solon in this case, but that they in fact represented themselves and the commonwealth, and that the judgment entered in this case can rise no higher than the judgment by default.

"Your petitioner further states that the answer on file in your court, signed by the supreme and charter members of the Order of Solon, is the answer of the said order to the said writ of quo warranto, and that the same is hereby approved and adopted as the answer of the Order of Solon in the premises.

"Your petitioner further states that in pursuance of the law of the said order, and the direction of the Supreme and Inferior Court in this case of the Order of Solon v. Glenn I. Folsom et al., the supreme lodge of the said order met on the 28th day of May inst., in biennial session, and a full quorum being present, transacted the business of the order as was its duty to do, inter alia, elected officers for the ensuing two years, which officers are as follows : [here follow names of officers.]

"Your petitioner further states that at the said meeting of the supreme lodge resolutions were passed expressive of the sense of the order, which resolutions are hereto attached and made part of this petition and marked 'Exhibit A.' The supreme lodge directed the officers aforesaid to prepare and present a petition to Your Honorable Court setting forth the foregoing facts.

"Your petitioner therefore prays Your Honorable Court to open the judgment in this case, and that the said Order of Solon be allowed to make defence against the information of the

Commonwealth and on issue framed to have the case tried before the court and jury, and your petitioner will ever pray, etc." Verified by affidavit.

The answer of Folsom et al., averred that, in May, 1894, the duly constituted executive committee of the order composed of the officers as declared by court passed a resolution that an application for dissolution be made to court through the attorney general, and that this action was afterwards approved by subordinate lodges composed of 3415 members.

It further appeared by exhibits that, at a meeting of the order, held May 28, 1894, at which both contending parties were present, a resolution to take no appeal from the judgment in this case was passed, and that the meeting adjourned sine die without electing officers. It was alleged by appellants that this motion should have been declared lost, and they, constituting more than a quorum, immediately announced a meeting for the next day, at which above petitioners were elected officers.

*Error assigned* was entry of judgment of ouster.

*James Fitzsimmons, L. K. Porter, J. G. White* and *E. W. Jackson,* with him, for appellant, cited : Com. v. Order of Vesta, 156 Pa. 531; Com. v. Equitable Beneficial Assn., 137 Pa. 412; Dartmouth College v. Woodward, 4 Wheat, 642; 2 Morawetz, §§ 1002, 1049; Ry. v. Allerton, 18 Wall. 273; Pickering v. Stevenson, L. R. 14 Eq. 322; Hoyle v. Ry., 54 N. Y. 314; Hardmane v. Assn., 2 W. N. 646; McCurdy v. Myers, 44 Pa. 535; Gowen's Appeal, 10 W. N. 85; Fraternal Guardians' Estate, 159 Pa. 594.

*W. U. Hensel,* Attorney General, *Young & Trent* with him, for appellee, cited : Order of Solon v. Folsom, 161 Pa. 227; Com. v. R. R., 14 W. N. 60; Com. v. Order of Vesta, 2 Dist. R. 254; in s. c., 156 Pa. 531.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895 :

In Order of Solon v. Folsom, 161 Pa. 225, it had been decided by the court below that the respondents therein were the proper officers of the corporation, and this decision, notwithstanding some doubts arising from the confusion and irregular

ity of the corporate proceedings, was affirmed by this court. In view however of the approaching session of the supreme lodge, admitted by all parties to be the governing head of the organization, the decree followed the suggestion of the learned court below, and directed that so far as concerned the funds of the order, matters should remain in statu quo until the session of the supreme lodge. Before the time of the session, however, the commonwealth intervened and upon proceedings by quo warranto obtained a judgment of ouster against the corporation. In this action by the commonwealth there was nothing irregular or violative of the decree of this court. What had been before the court was a dispute between two parties as to which was the proper representative of the corporation, and it was to save the funds intact until the tribunal admittedly competent to settle that dispute finally, for the new year as well as for the past, should have an opportunity to do so, that the modification of the decree of the court below was made here. It was there and here a decree inter partes only. The quo warranto of the commonwealth was a new proceeding by a new party, and had nothing to do with that dispute. It raised the question against both parties alike whether the corporation itself had any further right to exist. This was a matter which the supreme lodge could not determine, and there was no reason why its session should be awaited by the commonwealth.

There being no objection to the action as contravening any order of this court, we have only to consider whether the proceedings were regular. The decree was entered on the suggestion of the attorney general, and the answer of the order. The parties making that answer had been adjudged to be the true representatives of the order. The interveners had no standing whatever at that time. The right of members to intervene where their official representatives are acting fraudulently or in excess of their authority is not denied, but any such question is concluded here by the action of the supreme lodge, in accepting as final the decree of the court of Dauphin county founded on the answer and directing the officers of the order to take no appeal. When, following that action, the supreme lodge omitted to elect any new officers and adjourned sine die, the whole ground of contention came to an end. The corporation had ceased to exist, the meeting of a minority

party the next day was without authority, and all its acts were void.

It is not necessary to consider the question, so strenuously argued by appellant, that the court of Dauphin county cannot compel a corporation, chartered and doing business in another county, to appear before it on quo warranto, and that the act of April 7, 1870, P. L. 57, is to that extent unconstitutional. All courts of common pleas, under the act of 1836, have general jurisdiction by quo warranto over the subject-matter of forfeiture by non-user or misuser of corporate rights. Jurisdiction over any individual corporation depends therefore not on the purpose sought by the writ, but on getting the particular defendant in court. It is a matter of service or appearance. In the present case service was accepted, and appearance entered by the parties who as already said had been adjudged the proper representatives for the time being of the corporation, and their action had been ratified by the governing head of the order.

Judgment affirmed.