J. E. BUCKLEY *v.* BALDWIN & PUTNAM ET AL.

1. RECEIVER. *When appointed. Notice to defendant.*

    A receiver should not be appointed without due regard to the rights of the defendant, as well as complainant, and never without notice, unless the necessity is urgent.

2. SAME. *Creditor's bill. Appointment of receiver. Case.*

    The assets of an insolvent firm were put into the hands of a receiver at the instance of one of the partners. He was also partner with his mother in another business, and conveyed to her his interest in it, and in certain lands owned jointly with her. Creditors of the insolvent firm filed a bill, alleging that the mother was partner in both firms; that the sale to her was part of a general scheme to defraud them; that she was selling the goods conveyed to her in the usual course, and renting the lands and collecting the debts; but the bill showed that she was solvent, and that the lands were worth more than the amount of complainants' debts. On the bill, and without proof, the chancellor appointed a receiver of all the property conveyed to her and of her own. *Held,* the bill was insufficient to authorize the appointment of a receiver, and the order will be reversed.

FROM the chancery court of Clarke county.

HON. S. EVANS, Chancellor.

This is an appeal taken from the order of the chancellor in vacation appointing a receiver upon the application of certain creditors of the firm of Sim Perry & Co. No proof was taken in support of the application for the receiver, the appointment having been made upon the allegations of the bill, which was sworn to by one of the complainants.

Briefly stated, the allegations of appellees' bill are, that Sim Perry, M. W. Buckley and Mrs. J. E. Buckley were partners in a general mercantile business at Newton, in Newton county, Miss., under the name of Sim Perry & Co., and as such became indebted to the complainants, the aggregate of whose debts is about $18,000; that Mrs. J. E. Buckley and

M. W. Buckley were partners in the firm of J. E. Buckley
& Son, in Enterprise, Clarke county, Miss.; that the firm of
Sim Perry & Co. having become insolvent, M. W. Buckley
filed a bill in the chancery court of Newton county alleging
the insolvency and the fact that Sim Perry, the managing
partner of said business, was fraudulently misappropriating
the assets, and prayed for the appointment of a receiver to
take charge of all the assets of said firm; that a receiver was
appointed, and took possession of the assets of that firm;
that in his said bill for a receiver, M. W. Buckley falsely and
fraudulently represented that he and Sim Perry were the sole
partners in the said Newton firm; that, about the same time,
M. W. Buckley conveyed all his interest in the business of
J. E. Buckley & Son and all his half-interest in a large quan-
tity of real estate in said county, to his mother, J. E. Buck-
ley, the deed purporting to be made in payment of a debt of
$15,000 due to her; that all of the aforesaid proceedings were
in pursuance of an agreement and conspiracy between M. W.
Buckley, J. E. Buckley and Sim Perry, to defraud the com-
plainants; that the alleged debt which was the consideration
of the conveyance by M. W. Buckley to his mother was simu-
lated and fictitious; that the real purpose of the parties was
to place the assets of the firm of Sim Perry & Co. in the
hands of a receiver to avoid the attacks of creditors, and to
place the individual property of M. W. Buckley beyond the
reach of creditors; that M. W. Buckley, in pursuance of his
scheme of fraud, had also conveyed away all his remaining
individual property, including certain shares of stock and
choses in action.

The bill of appellees alleged that the property embraced in
the conveyance of M. W. Buckley to J. E. Buckley was, in
value, largely in excess of the consideration stated in it; that
J. E. Buckley owned, jointly with M. W. Buckley, the lands,
a half-interest of which the latter conveyed to her; that she
was proceeding, as before the conveyance, to sell the stock of
goods in the store at Enterprise in the usual course of trade,

and to collect the debts and rent the lands, and that there was great danger of her placing the property conveyed to her, as well as her own, beyond the reach of complainants.

The bill was filed against Sim Perry, Mrs. J. E. Buckley and M. W. Buckley, as partners and individuals, and prayed for a discovery, under oath, as to the several matters and transactions set out in the bill. It asked that the conveyance from M. W. Buckley to J. E. Buckley be canceled, and that the property conveyed be subjected to complainants' debts.

The bill also contained a prayer for a receiver *pendente lite*, to take possession of all of the property described in said conveyance, including the stock of goods at Enterprise, and all the assets of that business, and all the lands aforesaid.

Upon the filing of this bill, complainants at once presented to the chancellor, in vacation, their motion for the appointment of a receiver. No notice of the application was given to the defendants. The chancellor, having considered the application, announced that he would appoint the receiver as prayed for. Before the decree therefor was prepared and signed, counsel for M. W. and J. E. Buckley, having learned of the application, prepared and filed an answer for M. W. Buckley, in which, under oath, he denied all the allegations of the bill touching the fraudulent conduct alleged against the defendants. This answer stated that J. E. Buckley was confined to her bed by sickness, and was unable then to answer the allegations of the bill. Counsel for defendants presented this answer to the chancellor, and asked that the hearing be postponed, and that they be heard in opposition to the appointment of a receiver; but the chancellor refused to consider the answer, or to hear counsel's argument, except as a matter of courtesy, stating that he had already granted the decree, which only awaited his signature. Counsel for defendants thereupon excepted to the action of the chancellor in refusing to consider the answer of M. W. Buckley, and in refusing to postpone the hearing of the application, and a

bill of exceptions showing these facts, signed by two members of the bar, appears in the record.

This appeal is prosecuted by J. E. Buckley from the order of the chancellor appointing a receiver as prayed for.

The sole question presented in this court, and which is argued by counsel on both sides without citation of authorities, is whether or not the showing made was sufficient to authorize the appointment of a receiver.

*Miller & Baskin* and *Brame & Alexander*, for appellant.

*Hamm, Witherspoon & Witherspoon*, for appellee.

Argued orally by *C. H. Alexander*, for appellant, and *A. J. Russell*, for appellee.

CAMPBELL, C. J., delivered the opinion of the court.

The bill as originally presented, and as amended, fails to contain a sufficient showing for the appointment of a receiver, and one should not have been appointed. The bill itself shows clearly that there was no occasion for, or propriety in, the appointment of a receiver; and, on the contrary, that there should not be such interference by the chancellor with the business and property of the appellant.

Creditors have rights which should be upheld. So have others, which must not be disregarded in the effort to enforce the rights of creditors. When a proper case is made for a receiver, the power to appoint should be exercised, but, even then, with due regard to the situation and circumstances of the case and the rights and interests of defendants, and never without notice to them and opportunity to be heard, unless there is a satisfactory showing of a necessity for such urgency.

*The order appointing a receiver is reversed and vacated, at the cost of the complainants in this court and the court below.*