Crombie *v.* Order of Solon et al., Appellants.

*Equity—Injunction—Receivers—Beneficial associations.*

Where every substantial averment of a bill in equity for an injunction and receivership is denied by a completely responsive answer, and the answer is not overcome or met by further proof, there is nothing on which the injunction or receivership can rest.

A bill in equity was filed by a person alleging himself to be a member of a beneficial association, against the association and its officers. The bill alleged that at a meeting of the order, in the absence of a majority of the members, certain members were illegally expelled, and certain officers displaced and new ones elected; and that the new officers, defendants in the bill, coerced or misled by another defendant, were pursuing a course of administration prejudicial to the interest of plaintiff, and the order at large. Defendants filed an answer denying the standing of plaintiff, and responsively denying all the material averments of the bill. The answer was not overcome or met by further proof. *Held,* that a decree continuing a preliminary injunction and appointing a receiver was error.

Argued May 11, 1893. Appeal, No. 69, Oct. T., 1893, by defendants, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1893, No. 510, granting injunction and appointing receiver. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Bill in equity for injunction and receiver.

The bill averred that plaintiff was the holder of a benefit certificate in the Order of Solon, upon which all dues and assessments had been paid; that at an adjourned meeting of the Supreme Lodge of the order, W. R. Covert and the other defendants " did in the absence of a majority of the members of said body, and without charge preferred, notice given or trial had, unlawfully expel from their membership in said Supreme Lodge a number of the members thereof, and did cancel and annul their benefit certificates in said order, though well knowing that said members had not been guilty of any violation of laws of said order, and did thereupon proceed to appoint for life persons who should constitute a new Supreme Lodge, and did further elect and appoint Wm. R. Covert, aforesaid, ' attorney in fact ' for the said order, with full power and authority over its affairs and all its funds, thereby depriving your orator

of and excluding him from that control of the affairs of the said corporation to which he as a certificate holder is entitled by its charter, its constitution and its by-laws."

The bill further alleged that there were hopeless disagreements and dissensions in the order, and that the funds of the order were in danger of being wasted by unauthorized expenditures and needless litigation.

The bill prayed for an injunction and the appointment of a receiver.

Defendants filed an answer denying plaintiff's standing as a member and all the material arguments of the bill.

The court granted a preliminary injunction, which was subsequently continued, and a receiver appointed, in opinions by WHITE, J.

*Errors assigned* were (1, 2) granting and continuing preliminary injunction; (3) appointing receiver.

*J. G. White*, *L. K. Porter* and *James Fitzsimmons* with him, for appellants, cited: Lejee v. R. R., 10 Phila. 362; Manchester v. Dey, 6 Paige, 295; McVey v. Brendle, 5 Lanc. L. R. 350; Eschleman v. Electric Co., 1 Lanc. L. R. 26; Goodman v. Lodge, 9 Atl. R. 19; Maneely v. Knights, 9 Atl. R. 44, note; s. c., 115 Pa. 305; Wynne v. Newborough, 1 Ves. Jr. 164; Hunter v. Nocholds, 15 L. J. Ch. 320; Roberts v. Bezon, 3 L. J. Ch. 113; High on Injunctions, 543.

*M. H. Stevenson*, for appellees, cited: Nat. Endowment Co., 142 Pa. 450; Com. v. Order of Vesta, 2 Dist. R. 254.

OPINION BY MR. JUSTICE MITCHELL, October 16, 1893:

This is a bill by an alleged member, whose standing and title are denied, to take the affairs of the order out of the hands of its own officers, and administer them through a receiver. The substance of the bill is that at a meeting of the order, in the absence of a majority of the members, (it is not said in the absence of a quorum) certain members were illegally expelled, and certain officers displaced and new ones elected; and that the said new officers, defendants in the bill, coerced or misled by another defendant, Covert, were pursuing a course of administration of

the affairs of the order, prejudicial to the interests of plaintiff and the order at large.

It is doubtful if the bill presents any cause of action beyond the dissatisfaction of a member of the minority with the policy and administration of the party in control. But it is sufficient for us that every substantial averment of the bill is denied by a completely responsive answer, which is not overcome, nor even met, by further proof. There is nothing therefore, on which the injunction or the receivership can rest.

That the whole scheme of the Order of Solon is utterly worthless, impracticable and certain to end in disaster, is no more the fault of the defendants than of the plaintiff, and if, as the learned judge below intimates in his opinion, " the organization is wholly illegal and unauthorized by their charter" there is adequate remedy, but it is not in this proceeding.

Injunction dissolved and bill dismissed, with costs.

Note : This opinion has been delayed by causes for which the writer is not responsible.