(January 30, 1899.)

## SWEENY v. MAYHEW, JUDGE.

[56 Pac. 85.]

CERTIORARI—JURISDICTION—RECEIVER.—*Certiorari* will lie to review an order appointing a receiver, so as to determine from the case as presented to the lower court whether jurisdiction existed in such court, in the particular case made to appoint a receiver.

SECTION 4329 OF THE REVISED STATUTES CONSTRUED.—It is error to appoint a receiver in any of the class of cases mentioned in section 4329 of the Revised Statutes of Idaho, where the equities of the complaint are fully denied by the answer and the evidence introduced by plaintiff on the hearing of the application for the appointment of such receiver is fully met and overcome by counter evidence introduced by the defendant.

PLEADING—EQUITIES DENIED BY ANSWER—APPOINTMENT OF RECEIVER.—Plaintiff applied for appointment of a receiver; defendants filed their sworn answer denying every equity, and material allegation set forth in the complaint; on the hearing of the application, the pleadings, the affidavit of plaintiff and one witness in his behalf, the affidavits of three witnesses on behalf of the defendants, were considered by the district judge; it was not alleged or proven that the defendants were insolvent or unable to respond to the plaintiff in damages. *Held*, that under such showing, the order made by the district judge was without authority, and should be annulled on *certiorari.*

(Syllabus by the court.)

Original proceeding by *certiorari.*

W. B, Heyburn, E. M. Heyburn and L. A. Doherty, for Petitioner.

The jurisdiction exercised by courts of equity in administering relief by the extraordinary remedy of a receiver *pendente lite* is a branch of the general preventive jurisdiction, being intended to prevent injury to the thing in controversy and to preserve it for the security of all parties in interest, to be disposed of as the court may finally direct. Its effect, temporarily at least, is to deprive the party of his property before a final judgment or decree is reached by the court determining the rights of the parties. It is not to be exercised doubtingly, but the court must be convinced that the relief is needful, and it

should not be granted except in a clear case, and never unless the plaintiff would otherwise be in danger of suffering irreparable loss. (High on Receivers, 3d ed., secs. 3, 7.) The probability that plaintiff will ultimately be entitled to a decree in his action is a material element to be considered by the court. And when upon the entire record this is a matter of much doubt, the court is justified in its discretion in refusing a receiver. (High on Receivers, sec. 8; *Owen v. Homan,* 3 Macn. & G. 378; *Wilkenson v. Dobbie,* 12 Blatchf. 298, Fed. Cas. No. 17,670.) An important principle of general application in the exercise of this branch of the extraordinary jurisdiction of equity is that the plaintiff is never entitled to a receiver when the equities of his case are fully and fairly denied by the sworn answer of the defendants. The question is no longer regarded as one addressed to the discretion of the court, but it is judicial error to appoint a receiver when the allegations of the bill are thus denied. (High on Receivers, sec. 24; *Henn v. Walsh,* 2 Edw. Ch. 129; *Fairbairn v. Fisher,* 4 Jones Eq. 390; *Crombie v. Order of Solon,* 157 Pa. St. 588, 27 Atl. 710; *Thompson v. Diffenderfer,* 1 Md. 489.) While, ordinarily, an appellate court will not review a discretionary act of the lower court, the rule is that where the action of the court performed in the exercise of such discretion affects a substantial right of the defendant, as to the enjoyment of property, the appellate court will review the discretion so exercised. (*Dollard v. Taylor,* 33 N. Y. Super. Ct. Rep. (1 Jones & S.) 496; *Grant v. Webb,* 21 Minn. 39; *Knight v. Nash,* 22 Minn. 452; *McCord v. Weil,* 33 Neb. 868, 51 N. W. 300; *Ruffner v. Mairs,* 33 W. Va. 655, 11 S. E. 5.) In an action between partners for a dissolution and an accounting, where the complaint contains no allegation of the insolvency of defendants, who are not actively carrying on the business, and the answer alleges that they are solvent, and able to respond in damages, and denies the equities of the complaint, a receiver should not be appointed before the final hearing of the cause. (*Wales v. Dennis,* 9 Wash. 308, 37 Pac. 450.)

John R. McBride and C. W. Beale, for Defendant.

No brief filed.

QUARLES, J.—October 17, 1898, Kennedy J. Hanly, as plaintiff, filed his complaint in the district court of Shoshone county against Charles Sweeny, F. Lewis Clark, and the Empire State-Idaho Mining and Developing Company, a corporation, defendants, for the purpose of setting aside and having declared null and void a deed made by the said plaintiff conveying to the said defendants Sweeny and Clark an undivided one-eighth interest in and to the Skookum lode mining claim, situated in Shoshone county, Idaho, to have an accounting for the proceeds of ores extracted from said mining claim by defendants, and for the appointment of a receiver to take possession and control of the property in dispute during the pendency of the action, and for other relief. The theory set forth in the complaint as the basis of this action is that said deed was procured by the defendants through fraud, in two particulars, to wit: 1. That at the time of the making of said deed said defendants had opened and discovered large bodies of rich ore in the said Skookum claim, which fact was unknown to the plaintiff, and fraudulently concealed from him by the defendants. 2. That said defendants fraudulently obtained possession of said deed in the following manner, to wit: That the plaintiff, being the owner of an eleven twenty-fourths interest in and to said Skookum claim, and also to one hundred thousand shares of stock in the Chemung Mining Company, a corporation, did on the thirtieth day of April, 1898, enter into two separate options or escrow contracts, under, by and through which he placed said shares of stock in one envelope, and deposited the same in escrow with the Exchange National Bank of Spokane, Washington, with instructions indorsed thereon, directing and authorizing said escrow holder to deliver said envelope and its contents to the defendants Charles Sweeny and F. Lewis Clarke upon their payment to said bank for the credit of plaintiff of the sum of $18,000, to be paid on or before August 1, 1898; that in another envelope the plaintiff deposited the deed in question, conveying to the defendants Sweeny and Clark, from the plaintiff, an undivided one-eighth interest in and to said Skookum claim, and also another deed conveying from plaintiff to said defendants an undivided one-third interest in and to said Skookum claim,

upon which envelope the plaintiff indorsed instructions to said escrow holder to deliver said envelope to said defendants upon their payment into said bank, to the credit of plaintiff, the sum of $10,000, on or before the first day of August, 1898; that on June 7, 1898, said defendants paid $2,000 on said stock transaction, and on same day the plaintiff, by writing indorsed on each of said envelopes, respectively, extended the time of making such payments until September 20, 1898. It is alleged by the plaintiff that, some time between their deposit in escrow as aforesaid, the deed conveying the one-eighth interest from plaintiff to said defendants was extracted from the envelope in which it was placed, and put into the envelope containing the shares of stock, and that on September 19, 1898, said defendants paid into said bank the balance of the purchase price on the stock transaction, $16,000, and received from said bank said stock and the deed conveying said one-eighth interest in said mining claim, and immediately thereafter fraudulently placed said deed upon record in the office of the county recorder in and for Shoshone county. Every material allegation in the complaint has been specifically denied by the answer of the defendants, which answer fully meets and denies each and every equity set forth in the complaint. The answer affirmatively sets forth the following facts: That on April 30, 1898, the defendants Clarke and Sweeny entered into a contract with plaintiff whereby the plaintiff was to and did put into one envelope, and place in escrow with said Exchange National Bank, said one hundred thousand shares of stock in the Chemung Mining Company, and the deed conveying from said plaintiff to said defendants an undivided one-eighth interest in and to said Skookum claim, and indorsed upon said envelope directions to said bank to deliver the same to said defendants upon their making the payment above set forth; that at said time said plaintiff placed in escrow, in a separate envelope, a deed conveying from plaintiff to said defendants an undivided one-third interest in and to said Skookum mining claim, upon which envelope directions were indorsed, signed by plaintiff, authorizing said escrow holder to deliver said last-named envelope to said defendants upon their payment into said bank, for the credit of plaintiff

the sum of $10,000 on or before August 1, 1898.  It is further alleged and shown in said answer that the said plaintiff acquired, or claimed to acquire, the undivided one-third interest in and to said mining claim mentioned in said deed under a conveyance made by one Clarence Cunningham, as administrator of the estate of David McKelvy, deceased, in 1897, that the interest of said deceased in and to said claim was sold by said administrator under an order of sale duly made by the probate court of said Shoshone county, at which sale but one bid therefor was made, and that in the sum of $700, which bid was made by the Chemung Mining Company, a corporation, and that said administrator made his return of sale to said probate court, to the effect that he had sold the said interest in said mining claim to the Chemung Mining Company, which sale was by said probate court on August 13, 1897, confirmed; that on July 26, 1897, the plaintiff, by representing that he was one of the directors of said Chemung Mining Company, and the proper person to take the title to said real estate, induced the said probate court to confirm the said sale to him, notwithstanding the said sale had actually been made to said Chemung Mining Company, whereupon the said administrator executed conveyance to said interest in said mining claim to the plaintiff; that thereafter said probate court set aside the order confirming the sale to the plaintiff, made an order confirming said sale to the Chemung Mining Company, and ordered and directed said administrator to make deed of conveyance of said real estate to the said Chemung Mining Company, which deed said administrator refused to make; that thereupon application was made by said Chemung Mining Company to the district court in and for Shoshone county for a writ of mandate to compel said administrator to convey said real estate to the Chemung Mining Company, as directed by the order of said probate court, which writ of mandate was granted peremptorily by said district court, and said administrator directed to convey said real estate to said Chemung Mining Company; and thereupon said administrator appealed from the judgment of the district court to the supreme court of the state of Idaho, which last-named court affirmed said judgment of the district court on May 13, 1898, and which de-

cision was reaffirmed on rehearing by said supreme court on. the thirtieth day of June, 1898 (*State v. Cunningham,* ante, p. 113, 53 Pac. 451); that thereupon a deed to said undivided one-third interest in and to said mining claim was made and delivered by said administrator to said Chemung Mining Company, and which was afterward conveyed by said Chemung Mining Company to the defendant Empire State-Idaho Mining and Developing Company, and. duly recorded in the recorder's office of Shoshone county.

It is abundantly shown in the record that the principal assets of the Chemung Mining Company consisted in the interest that it owned and claimed in said Skookum mining claim. The pleadings in the record are very voluminous, and we deem it neither necessary or practical to go into the details of the allegations contained in the pleadings. An order to show cause before the defendant, as district judge, at his chambers in Wallace, Idaho, on the ninth day of November, 1898, was served upon the defendants, and pursuant to said order the application of plaintiff for a receiver was heard by said judge at chambers.. Upon the hearing of said application, said pleadings were considered; also, an affidavit made by plaintiff, and one by Joseph B. Kendall on behalf of the plaintiff, and affidavits of the defendants Charles Sweeny and F. Lewis Clark, and of one E. J. Dyer, cashier of the Exchange National Bank of Spokane, were filed. and used on said hearing on behalf of defendants. Said application was taken under advisement, and afterward, and. on the ninth day of January, 1899, the defendant, as said district judge, made an order appointing one Barry N. Hilliard receiver, to enter upon said mining claim, and employ·assistants, and keep an account of ore extracted from said mining claim,. and receive from the defendants eleven twenty-fourths of the net proceeds of all ores extracted from said mining claim, and to hold the same subject to the future orders of said district court. There is no allegation in the complaint, nor evidence in the record, showing that the defendants are insolvent, or unable to amply respond to the plaintiff for all damages that he might sustain by reason of the working of said mining claim by the defendants, in the event that he is finally successful in this cause. While, on the other hand, it is shown by the plain-

tiff that the defendants own an undisputed undivided thirteen
twenty-fourths interest in and to the property in dispute, which
contains large bodies of valuable ore, and is of great value.

It is contended on behalf of the plaintiff that the sole ques-
tion before the court is whether or not the lower court, or the
·defendant, as judge thereof, had jurisdiction to make the order
sought to be reviewed here. To sustain this contention, the
plaintiff has cited us to a large number of California cases. We
have carefully examined the authorities cited, and these authori-
ties sustain plaintiff's contention, that the primary question here
is, Did the defendant, as said district judge, have jurisdiction
to make the order in question? But it is also insisted on be-
half of the plaintiff that in this state district courts are courts
of general jurisdiction, with jurisdiction to hear and determine
·all controversies, and to grant all kinds of equitable relief, in-
cluding the appointment of receivers. To this we answer that
district courts, and the judges thereof, have not jurisdiction to
appoint receivers in any and all actions that may be pending
before them. They can only appoint a receiver in the classes
of cases mentioned in section 4329 of the Revised Statutes, and
only in particular cases in the classes therein specified, prior to
judgment, when it is made to appear that it is necessary in
order to protect the rights of a party to the action, which he
possesses to the thing in dispute. But it is a well-established
rule that the plaintiff, the equities of whose bill have been fully
met and denied, is not entitled to the appointment of a receiver,
unless he overcomes the denials in such answer by further proof
in support of his bill. In other words, where the equities of
plaintiff's bill have been fully met and denied by a sworn an-
swer on behalf of the defendant, the court has no discretion,
and its appointment of a receiver in such case is unauthorized.
(High on Receivers, 3d ed., sec. 24; *Thompson v. Diffenderfer,*
1 Md. Ch. 489; *Henn v. Walsh,* 2 Edw. Ch. 129; *Crombie v.
Order of Solon,* 157 Pa. St. 588, 27 Atl. 710; *Buchanan v. Com-
stock,* 57 Barb. 568.) In this proceeding the pleadings and all
of the evidence considered by the defendant, as district judge,
when he made the order in question, were returned into this
court. We have examined the evidence for the purpose of ascer-

taining whether the appointment of the receiver was authorized by the showing made in the particular case pending in the district court, and we are fully convinced that, by the showing there made, plaintiff's case has been fully met and overcome by both allegation and proof, and that on a same kind of showing the plaintiff is entitled to no part of the relief demanded by him, and therefore the appointment of the receiver complained of was unauthorized.

As to how far the evidence may be considered in a proceeding of this kind, the rule is correctly and succinctly stated in 4 Encyclopedia of Pleading and Practice, commencing at page 262, as follows: "An exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved. This exception arises out of the most important office and function of the writ—the keeping of inferior courts and tribunals within proper bounds. If the decision of the inferior tribunal as to the sufficiency of the evidence to establish jurisdictional facts were not reviewable, the writ of *certiorari* would be of no avail as a remedy against an assumption of jurisdiction. And, for the purpose of enabling the reviewing court to determine whether jurisdictional facts were established, it will require a return to be made of the evidence upon which such facts are based." In *People v. Board of Delegates,* 14 Cal. 479 (one of the principal authorities relied upon by the defendant here), the court said: "On the other hand, the cases are numerous to the effect that the review may be extended to every issue of law and fact involved in the question of jurisdiction, and that not only the record, but the evidence itself, when necessary for the determination of this question, must be returned. The latter is the more reasonable, and, we think, the true, rule." In the case of *People v. Board of Assessors,* 39 N. Y. 81, the office of the writ of *certiorari* is defined in the following language: "That its office extends, unquestionably, to the review of all questions of jurisdiction, power and authority of the inferior tribunal to do the acts complained of, and all questions of regularity in the proceedings; that is, all questions whether the inferior tribunal has kept within the boundaries which are prescribed for it by

the express terms of the statute law, or by well-settled principles of the common law." This definition given by the New York court we regard as a fair interpretation of section 4968 of the Revised Statutes.

The record before us clearly shows that the assertion of title by the plaintiff to eight-elevenths of the interest claimed by him in the Skookum mining claim is based upon an administrator's deed which has been adjudged by the district court below to be void, and which judgment has been affirmed in this court, thus showing conclusively that part of the interest claimed by him is without foundation. Further than that, his claim that he owned an eleven twenty-fourths interest in said mining claim, and that under one contract, by which he was to receive a consideration of $10,000 for such interest, he placed two deeds in escrow, in the same envelope, one conveying to the defendants an undivided one-eighth interest in said claim, the other conveying an undivided one-third interest in the same claim to the same parties, is unreasonable and inconsistent with usual business methods; and this contention of the plaintiff, supported by his evidence alone, is positively and unequivocally contradicted by the evidence of three witnesses. The plaintiff has come into a court of equity, apparently with unclean hands, asking extraordinary equitable relief, the granting of which will probably be detrimental to the interests and rights of the defendants, and has failed to show himself entitled to such extraordinary relief. Our statute does not contemplate the appointment of a receiver under the facts disclosed by the return to the alternative writ heretofore granted in this proceeding; and the order made by the defendant, as district judge, appointing said receiver, was in excess of his authority, and unauthorized. Judgment will therefore be entered annulling that certain order herein reviewed, with costs to the petitioners.

Huston, C. J., and Sullivan, J., concur.