(June 3, 1903.)

## KELLY v. STEELE, JUDGE.

[72 Pac. 887.]

COMPLAINT—SUFFICIENCY OF—RECEIVERS TO TAKE CHARGE OF REAL
PROPERTY.—Complaint examined and held not sufficient to authorize
appointment of receiver. Appointments of receivers to take charge
of real property should never be made until the moving party shows
himself clearly entitled thereto. It is not the policy of courts of
equity to take charge of real estate and manage and control it
through the aid of a receiver as against the party in possession as-
serting title in himself, unless it is shown to be in imminent danger
of great waste or irreparable injury.

(Syllabus by the court.)

ACTION by Universalist General Convention, a religious
corporation, against Edmund Pearcy et al.

Receiver appointed *in limine* by Edgar C. Steele, district
judge of the second district. Defendants apply for writ of
*certiorari* to review order making said appointment. Writ
granted and order reviewed, annulled and vacated.

The facts are stated in the opinion.

Eugene O'Neill, for Plaintiffs.

The court exceeded its jurisdiction in making the appoint-
ment of the receiver. Defendants had filed their answer deny-
ing every material allegation of the complaint, and meeting
and denying every equity of the complaint; and had met and
denied every allegation and equity of the plaintiff's affidavits
filed and before the court at the time of the hearing. (*Sweeney
v. Mayhew,* 6 Idaho, 455, 56 Pac. 85; High on Receivers, sec.
24.) The court below apparently took the view that it would
be proper to appoint a receiver to collect rents. This is clearly
wrong in principle. "A suit for an accounting for the rents
of land brought against one in possession by one who claims
title, when the former denies the latter's title and alleges title
in himself, equity will not appoint a receiver to collect the

rents as the principal question in dispute is legal and not equitable." (*Bennallick v. Richards et al.,* 125 Cal. 427, 58 Pac. 65; High on Receivers, secs. 555, 557; 17 .Ency. of Pl. & Pr. 725; *State ex rel. Greenland v. Second Judicial Court et al.,* 13 Mont. 416, 34 Pac. 609; *Bateman v. Superior Court,* 54 Cal. 285.) In cases like one under consideration, involving merely legal as distinguished from equitable rights, the law does not authorize the appointment of a receiver. (*San Jose Bank of Savings v. Bank of Madera,* 121 Cal. 539, 54 Pac. 83; *Scott v. Sierra Lumber Co.,* 67 Cal. 76, 7 Pac. 131.)

Miles S. Johnson and I. N. Smith, for Defendant.

This action below was instituted to quiet title, and the complaint follows a precedent established by your honorable court in the case of *Barton v. Dunlap,* 8 Idaho, 82, 66 Pac. 832. The right to appoint receivers in such actions is discussed by Justice Story at section 831. The author at sections 833a and 833b lays down the powers of such receivers. A receiver may be appointed where trustees have accepted an inconsistent trust. (*Talbot v. Scott,* 4 Kay & J. 140.) It is also well settled that where there are such disputes and dissensions among the trustees as to endanger the trust property, a receiver may be appointed. (*Wilson v. Wilson,* 2 Keen, 249; *Swale v. Swale,* 22 Beav. 585; *Day v. Croft,* 2 Beav. 488; *McCosker v. Brady,* 1 Barb. Ch. 329; *Hogg v. Hoag,* 80 Fed. 595.) It is held that where, pending the litigation in which real property is involved, it appears that unless a receiver is appointed, the current rents and profits of such real property will probably be lost to the party properly entitled thereto, a receiver will be appointed. (*Roberts v. Mullinder,* 94 Ga. 493, 20 S. E. 350; *McNair v. Pope,* 96 N. C. 506, 2 S. E. 54; *Durant v. Crowell,* 97 N. C. 373, 2 S. E. 541; *Bartlett v. L. Bartlett & Sons,* 116 Wis. 450, 93 N. W. 473.) In the case at bar, the reason for the execution of the warranty deed from the trustees of the First Universalist Church of Lewiston to the trustees of the Universalist General Convention is very apparent. At the date of the execution of the deed from Melaine La Francois, the Universalist Society of Lewiston was not established nor

ordained as such. It was compelled, by the nature of the estate granted, to join trustees of the Universalist General Convention in order to carry out the wishes of the grantor, and to establish the estate and interest as designated in the deed by Melaine La Francois.

AILSHIE, J.—On April 2, 1902, the Universalist General Convention, a religious corporation, as plaintiff, commenced its action in the district court in and for Nez Perce county against Edmund Pearcy, M. A. Kelly, Eliza W. Thatcher, Eugene O'Neill, Mary C. O'Neill, Viola McConville, Ella M. Murphy, William M. Murphy, Joseph Malloy, Eben Mounce, Eva K. Mounce, Herbert Kemp and S. Edgar Arant, defendants.

Paragraphs 1 and 2 of the complaint allege the corporate existence of plaintiff and that certain of the defendants were husband and wife and are joined as defendants for that reason. The other allegations of the complaint are as follows:

"3. That the plaintiff now is, and since on or about the seventh day of December, 1882, has been, the owner in fee of, and at all said times was, and now is, entitled to the immediate possession of, and was up to about the eighth day of February, 1901, in the possession of that certain real estate situated in Nez Perce county, Idaho, and more particularly described as lot 5, in block G of the La Francois tract of land in the city of Lewiston, county of Nez Perce and state of Idaho, with hereditaments and appurtenances, which property is situated at the northeast corner of E and Eugene streets in Lewiston, Idaho.

"4. That on the eighth day of February, 1901, the defendants, except William M. Murphy and Eben Mounce, as named above, wrongfully and without right entered into and took possession of said premises, and now are and since said times have been in possession thereof, and asserting and claiming some estate or interest in the said premises adverse to this plaintiff. That the exact nature of the claim of the said defendants is unknown to this plaintiff, and that whatever the said claim may be, such claim is wrongful and without right, and is contrary and adverse to the right and claim of plain-

tiff in and to said premises; and that the claim of the said defendants is without right either in law or equity. That in truth and in fact none of said defendants have any right, title, interest, claim, demand or estate of any kind or nature in or to the said premises, or any part thereof.

"5. That prior to the institution of this action, and on the —— day of February, 1901, the plaintiff demanded of and from the defendants, and each of them, the immediate possession of said premises, and that the defendants, and each of them, refused, and still refuse, to deliver the possession of the same, or any part thereof, to this plaintiff. And that the said defendants, and each of them, except Eben Mounce and William M. Murphy, now wrongfully and without right withhold the possession of the said premises from this plaintiff. And that the said defendants on the demand for possession, as herein alleged, refused, and still refuse, to deliver possession thereof, or of any part thereof, to this plaintiff, and have since said time used and occupied, and now are using and occupying, said premises without the consent of this plaintiff and contrary to the wishes and the will of the plaintiff.

"6. That the use of said premises is reasonably worth the sum of $25 per month, no part of which has been paid.

"7. That the said premises are now deteriorating in condition, and the said defendants are permitting the same to deteriorate to the lasting damage of the estate of this plaintiff, and the defendants have refused, and now refuse, to permit this plaintiff to enter upon its own premises to repair the same or keep the same in any condition of repair."

At the same time plaintiff made and filed a motion for the appointment of a receiver and accompanied the same by the affidavits of Miles S. Johnson, Esq., and another in support of the allegations of the complaint. Thereafter, and on the tenth day of April, all the defendants, except Edmund Pearcy, who had not been served, answered denying every material allegation of the complaint, except the possession by the defendants, which fact they admitted, and alleged that they were the owners in trust of said property and rightfully in possession and

entitled to the possession thereof. As a further and separate defense defendants alleged:

"1. That on the twelfth day of August, in the year 1879, one Melaine La Francois, of the city of Lewiston, county of Nez Perce, territory of Idaho, then owned in fee simple of the said property, to wit, lot 5, in block G of the La Francois tract of the said city of Lewiston, executed and delivered her certain instrument, partly in print, and partly in writing, known as the warranty deed, wherein and whereby she conveyed to Mary H. Rand, Abbie M. Kelly, Sarah Rowley, Ella N. Howe, C. M. Arant, Albina Howe, Madison A. Kelly, P. H. Howe, L. B. Boise, J. Morris Howe, H. C. Adams and Edward Pearcy, as trustees of the First Universalist Church of the city of Lewiston, territory of Idaho, conveying and confirming unto them, as parties of the second part and to their successors in trust, for the use and benefit of the First Universalist Society of the city of Lewiston, territory of Idaho.

"2. That said trustees and their successors in trust and the said society ever since have been, and now are, the owners of said property, and the same has never been in any way conveyed to the plaintiff or any other person, and the same is still held under the terms of said deed in trust for the use and benefit of the present trustees and their successors and the said Universalist Church Society of Lewiston, Idaho."

With the answer defendants filed numerous affidavits supporting the denials and allegations thereof. On August 26, 1902, the motion for the appointment of a receiver was heard by the district judge, and on September 4th, an order was made appointing a receiver "to take charge of the real estate above described, and to receive and collect the rents therefrom and to care for the property." The defendants then applied to this court for a writ of *certiorari* to review the action of the district judge. The matter is now before us upon the records and files used upon the hearing before the judge as certified by him in answer to the writ.

It is at once apparent that the principal issue raised by the pleadings is the right of possession of the premises. It is true, as contended by counsel for the defendant judge, that the com-

· plaint here is substantially the same as that in *Barton v. Dunlap,* 8 Idaho, 82, 66 Pac. 832, but in that case the defendant filed a cross-complaint setting up a contract for the conveyance of the lots described in the complaint and praying specific performance. The issues made in the trial court in that case and passed upon by this court were widely different from those in the case at bar. The allegations contained in the complaint above set forth were not sufficient to authorize the appointment of a receiver, and the affidavits filed in support thereof did not contain sufficient additional facts to confer the authority assumed to be exercised.

Whatever view might be taken as to the scope of the allegations in the complaint, it remains a fact that they were all squarely met and fully denied. (See *Sweeney v. Mayhew,* 6 Idaho, 455, 56 Pac. 85.) The only apparent reason for moving the appointment of a receiver is that the property was deteriorating in value and that the plaintiff, Universalist General Convention, was losing the rental from said property. It appears from the affidavits that the property was in the same condition it had been for more than ten years, save age and action of the elements. It was nowhere charged that the defendants were insolvent or unable to respond in damages for the value of the rent. While we do not want to be understood as saying that it is always essential in such cases to allege insolvency, we call attention to this as another lack of equities shown by the complaint. On the other hand the defendants allege in their affidavits that they were abundantly able to respond in damages, both for rents and injury or loss to the property.

Appointments of receivers to take charge of real property should never be made until the moving party shows himself clearly entitled thereto. It is not the policy of courts of equity to take charge of real estate and manage and control it through the aid of a receiver as against the party in possession asserting title in himself, unless it is shown to be in imminent danger of great waste or irreparable injury. Even in such cases it seems to be the general rule that the courts will require a strong showing as to the likelihood of the plaintiff eventually establishing his right to recover.

The realty, the substance of the litigation, is not capable of destruction or removal, and hence the necessity for a receiver can seldom be so urgent as in other cases. Exception to this rule has been recognized in cases of mining property where the actual value of the property may be taken out. (High on Receivers, secs. 555-557; *State v. Second Judicial District Court,* 13 Mont. 416, 34 Pac. 609; Spelling on Injunctions and Extraordinary Remedies, secs. 180, 181, 203, 218.)

The latter authority discusses the question with reference to the granting of injunctions in such cases, and it will be observed that the courts more readily grant injunctions under these circumstances than appoint receivers.

This is a contest between the Universalist General Convention on the one side and the trustees of the First Universalist Church Society of the city of Lewiston on the other, over the church property situated at Lewiston, and the briefs of the respective counsel are replete with the learning of the courts on ecclesiastical law from the opinion of Lord Eldon in *Attorney General v. Pearson,* 3 Mer. 353, down to the present time.

The examination of these questions does not necessarily devolve upon us in this case as it now comes before us; and in view of the fact that the cause has never been tried upon its merits, we refrain from expressing any opinion thereon.

Judgment will be entered vacating and annulling the order herein reviewed appointing a receiver. Costs awarded to plaintiffs herein, with the direction that the plaintiffs, the Universalist General Convention, in the case reviewed, pay these costs on behalf of the defendant judge.

Sullivan, C. J., and Stockslager, J., concur.