(December 21, 1915.)

## J. J. KEANE, Respondent, v. M. C. KIBBLE and W. C. KIBBLE, Appellants.

[154 Pac. 972.]

TRANSFER OF PERSONAL PROPERTY—CONDITIONAL SALE NOTE OR CHATTEL MORTGAGE—RECEIVERS—WHEN APPOINTED—PRACTICE.

    1. Under sec. 3392, Rev. Codes, the fact that a transfer was made subject to a defeasance on a condition may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for

value and without notice), though the fact does not appear by the terms of the instrument.

[As to what constitutes a conditional sale, see note in 46 Am. St. 295.]

2. The right to have a receiver appointed in Idaho is statutory, and is available in an action by a mortgagee for the foreclosure of his mortgage and the sale of the mortgaged property, where it appears that the property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt.

3. Whether the instrument sued upon in this case is a conditional sale note or a chattel mortgage, and whether or not respondent has mistaken his remedy, are questions which are dependent upon the agreement of the parties at the time the transaction was entered into, and must be decided from all the facts and circumstances which will tend to show the intent of the parties.

4. This court, on appeal from an order appointing a receiver and from an order denying a motion to set aside the appointment, can only inquire into the merits of the action so far as the facts may bear upon the propriety of making such orders.

[As to grounds on which a receiver may be appointed, see note in 72 Am. St. 29.]

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to have written instrument, in form a conditional sale note, decreed to be a chattel mortgage and foreclosed. Appeal from an order appointing a receiver and from an order denying the motion to set aside the appointment. *Affirmed.*

C. H. Lingenfelter, for Appellants.

There can be no mortgage without a conveyance from a debtor to a creditor. (Jones on Chattel Mortgages, sec. 26a, p. 36.)

The interest contemplated within the provisions of subd. 1, sec. 4329, Rev. Codes, as amended, must of necessity be an interest cognizable in equity. (*San Jose Safe Deposit Bank*

*of Savings v. Bank of Madera,* 121 Cal. 539, 54 Pac. 83, 85, 270.)

In such a case involving merely legal as distinguished from equitable rights, the law does not authorize the appointment of a receiver. (*Bateman v. Superior Court,* 54 Cal. 285; *Scott v. Sierra Lumber Co.,* 67 Cal. 71, 76, 7 Pac. 131.)

Hawley & Hawley, for Respondent.

The Idaho statute setting forth the formalities required in the execution of a chattel mortgage was involved in a Utah case, and it was there held that as between the mortgagor and mortgagee, a mortgage was valid, even though not possessing the statutory formalities. (*Deseret Nat. Bank v. Kidman,* 125 Utah, 379, 95 Am. St. 856, 71 Pac. 873; *People v. Burns,* 161 Mich. 169, 137 Am. St. 466, and note, 125 N. W. 740; 5 Ruling Case Law, 391.)

To create a chattel mortgage as between the parties there need be no writing. (*Mower v. McCarthy,* 79 Vt. 142, 118 Am. St. 942, 64 Atl. 578, 7 L. R. A., N. S., 418.)

This court has often held that in the interpretation of a contract, it will attempt to put itself in the position of the parties and allow the introduction of oral evidence for this purpose, and also to explain ambiguities, as it is anxious that if possible some construction and effect be given to the actions and agreements of men, no matter how informal or illy expressed. (*Burke Land etc. Co. v. Wells Fargo Co.,* 7 Ida. 42, 60 Pac. 87; *Schurger v. Moorman,* 20 Ida. 97, Ann. Cas. 1912D, 1114, 117 Pac. 122, 36 L. R. A., N. S., 313; *Twin Falls etc. Fruit Co. v. Salsbury,* 20 Ida. 110, 117 Pac. 118.)

This principle of interpretation has been used· in determining whether an instrument was a mortgage or a conditional sale. (*Studebaker Bros. Co. v. Mau,* 13 Wyo. 358, 110 Am. St. 1001, 80 Pac. 151.)

''Where a party has property in his possession and under his control which he allows to depreciate in value, or wrongfully disposes of, in which another party has an interest, it

is proper for the court to appoint a receiver." (*Jones v. Quayle*, 3 Ida. 640, 32 Pac. 1134; *Loaiza v. Superior Court*, 85 Cal. 11, 20 Am. St. 197, 24 Pac. 707, 9 L. R. A. 376; *Cotton v. Rand* (Tex. Civ), 92 S. W. 266; 34 Cyc. 68.)

MORGAN, J.—On February 13, 1913, the appellants above named made, executed and delivered to respondent their promissory note in words and figures as follows:

"Boise, Idaho, February 13, 1913.

"On or before two (2) years from date thereof, for value received, I, we or either of us promise to pay to the order of J. J. Keane, Three Thousand One Hundred ($3,100) Dollars, in lawful money of the United States of America, with interest thereon in like lawful money from date until paid at the rate of ten (10) per cent per annum, interest to be paid monthly, and if not so paid the whole sum of both principal and interest to become immediately due and collectible. And in case suit or action is instituted to collect this note or any portion thereof, we promise to pay, besides the costs and disbursements allowed by law such additional sum as the court may adjudge reasonable as attorneys fees in such suit or action.

"It is understood and agreed that the consideration for this note is the purchase price of a National Automobile; and the principal of this note shall be paid at the rate of not less than One Hundred ($100) Dollars on or before the first day of each and every month, together with the proportionate amount of interest due thereon that the partial payment bears to the amount due, until the whole principal and interest is paid.

"And it is further understood and agreed that the ownership and title to said National Automobile shall not pass from J. J. Keane until the full sum of the principal and interest is paid.

"M. C. KIBBLE,
"W. C. KIBBLE."

On September 25, 1915, respondent filed his complaint in the district court against appellants wherein he alleged,

among other things, the making and delivery, for a valuable consideration, of the note above set out; that respondent is the owner and holder thereof and that there is due, owing and unpaid thereon the sum of $2,296.70. It is further alleged in the complaint that at the time of the execution of said note, and as a part of the same transaction, the appellants and respondent agreed that the respondent should have title to the automobile as security for the payment of the note. It further appears from the complaint that appellant, M. C. Kibble, has the automobile in his possession and is using it as a carrier of passengers, and that the use to which it is being put is causing it to depreciate rapidly; that it is in great danger of being lost, removed and materially injured by said usage and that its value, which is alleged to be $750, is not sufficient to discharge the debt for which it was mortgaged as security.

Respondent prays for a judgment against appellants for the amount of the principal and interest due and attorney's fees; that the note be decreed to be a mortgage upon the automobile; that the court appoint a receiver to take and keep possession of the automobile during the pendency of the action and until the sale thereof; that the mortgage be foreclosed and that the automobile be sold and the proceeds be applied as is usual in the foreclosure of chattel mortgages.

On the day the complaint was filed respondent made written application to the district judge for the appointment of a receiver which was granted. Thereafter and on October 1, 1915, appellants filed a motion and gave notice of motion to set aside the order appointing the receiver which motion was, on October 16, 1915, denied.

From the order appointing the receiver and from the order denying the motion to set aside the appointment, this appeal has been taken.

Appellants contend that the complaint fails to disclose a cause of action entitling respondent to equitable relief and insist that, having failed to plead a mortgage, respondent has not invoked either the exclusive or the concurrent jurisdiction of a court of equity, and that the district judge was,

therefore, without jurisdiction to appoint the receiver. In other words, that the instrument sued upon shows upon its face that it is a conditional sale note, and that title to the automobile never passed from respondent and that the transaction cannot be construed to have created the relation of mortgagors and mortgagee between the parties.

Appellants urge that the instrument sued upon is neither ambiguous nor uncertain in its terms, and that it must be inferred from the second and third paragraphs thereof that respondent conditionally sold the automobile to appellants, but retained the title to it until the full amount of the purchase price is paid; that since appellants do not and never have owned the property, they could not mortgage it. Respondent contends that the instrument discloses no such state of affairs; that it is ambiguous and uncertain; that while it does recite that the indebtedness mentioned is the purchase price of the automobile, it does not state from whom it was purchased, whether from respondent or from a third party, and that the money mentioned in the note may have been, so far as is therein disclosed, loaned by respondent to appellants with which to make the purchase; also that while it is recited that title shall not pass from respondent, it is not stated for what purpose it is held by him, and he insists that it is so held only to secure the payment of the principal and interest due to him from appellants, and that parol evidence may be submitted at the trial to prove that the note was intended as a mortgage and not as evidence of a conditional sale.

Under the heading "Defeasance may be Shown by Parol," sec. 3392, Rev. Codes, provides: "The fact that a transfer was made subject to defeasance on a condition, may, for the purpose of showing such transfer to be a mortgage, be proved (except as against a subsequent purchaser or encumbrancer for value and without notice), though the fact does not appear by the terms of the instrument."

It is said in 35 Cyc., p. 659: "If goods are delivered to the buyer under an agreement whereby the property in the goods is transferred with a reservation of a lien to secure the pur-

chase price the transaction is a mortgage. But if the goods are delivered under an agreement by virtue of which there is no conveyance of title, but the property in the goods is to remain in the seller until payment of the price, the transaction is not a mortgage but a conditional sale. Generally the question whether the transaction is a conditional sale or a mortgage is one of intent of the parties to be determined from a consideration of all of the provisions of the contract, and in some cases contracts of conditional sale have been held to be chattel mortgages within statutes requiring chattel mortgages to be recorded."

In case of *Smith v. Pfluger,* decided by the supreme court of Wisconsin and reported in 126 Wis. 253, 110 Am. St. 911, 105 N. W. 476, 2 L. R. A., N. S., 783, wherein an instrument, in form a bill of sale, was held to be a chattel mortgage, the court said:

"Counsel seem to suppose that an instrument, in form an absolute conveyance, cannot be shown to be anything else, except by judicial interference in an equitable action. Such is not the general rule, especially in jurisdictions where the distinctions between actions at law and suits in equity have been abolished.

"The mere form of an instrument cuts but very little figure in respect to whether it is enforceable as a mortgage or not upon its character being called in question in a legal or equitable action, as those terms are used under our system. The purpose of the instrument is the controlling feature under all circumstances. If that is security, and the facts of the matter are established in any action involving the subject, the instrument is treated as a mortgage, and nothing else." (*Hudson v. Wilkinson,* 45 Tex. 444; *D. A. Tompkins Co. v. Monticello Cotton Oil Co.,* 137 Fed. 625; *Morgan's Assignees v. Shinn,* 82 U. S. 105, 21 L. ed. 87.)

There is appended to the decision of the case of *People v. Burns,* 137 Am. St. 466, a note, on page 489, wherein a great number of authorities are collected in support of the rule that as between the parties themselves chattel mortgages, although defective in form, will be held valid.

Counsel for respondent has brought to our attention certain cases holding that oral chattel mortgages are valid as between the parties. (*Mower v. McCarthy,* 79 Vt. 142, 118 Am. St. 942, 64 Atl. 578, 7 L. R. A., N. S., 418, and cases cited in note thereto.) This doctrine, however, cannot be held to apply in Idaho, for sec. 3389 of our Rev. Codes is as follows: "A mortgage can be created, renewed or extended only by writing executed with the formalities required in the case of a grant or conveyance of real property." (*Willows v. Rosenstein,* 5 Ida. 305, 48 Pac. 1067.)

In this case, however, the instrument sued upon is in writing, and is executed with the formalities required in the case of a grant or conveyance of real property, for it is signed as provided for by sec. 6007, Rev. Codes, relating to transfers of real property, and, while it is not acknowledged, the acknowledgment of instruments is made necessary by sec. 3153, Rev. Codes, in order that they may be recorded, and sec. 3163 provides: "An unrecorded instrument is valid as between the parties thereto and those who have notice thereof."

The right to have a receiver appointed in Idaho is statutory and is provided for by sec. 4329, Rev. Codes, as amended by Sess. Laws 1909, p. 26, which is, in part, as follows:

"A receiver may be appointed by the court in which an action is pending or has passed to judgment, or by the judge thereof:

"(2) In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt."

Whether the instrument here sued upon is a conditional sale note or a chattel mortgage, and whether or not respondent has mistaken his remedy, are questions which are dependent upon the agreement of the parties at the time the transaction was entered into, and must be decided, not alone from the language of the instrument itself, but from all the facts and circumstances which will tend to show the intent of the parties

to it. They are questions which must be left for the trial court to determine after having heard the evidence and are not before this court for decision at this time.

This court, on appeal from an order appointing a receiver and from an order denying a motion to set aside the appointment, can only inquire into the merits of the action so far as the facts may bear upon the propriety of making such orders. (*Cotton v. Rand* (Tex. Civ.), 92 S. W. 266.)

If it should appear on the trial of this case that the respondent is the owner of said automobile and does not hold the title thereto simply as security, he must fail in this action; and if he has procured the appointment of a receiver to take charge of his own property, he must pay the cost and expense of such receivership; but if it should appear that he simply holds the title as security for the payment of his debt under the allegations of the complaint, he has a right to have a receiver appointed to hold said property *in statu quo* in order that his security may not become valueless on account of its being used during the pendency of his action by the mortgagees.

Appellants are not in position to contend that by the appointment of a receiver they have been deprived of the possession and right to the use of their property, since they contend on this appeal that said automobile is the property of respondent.

We find that the complaint sufficiently alleges that the instrument sued upon was given as security for the payment of money to justify the trial court in admitting evidence to show that it was intended for that purpose and was, therefore, a mortgage, should such evidence be offered, and that it states the necessary jurisdictional facts to warrant the trial judge in making the orders appealed from, and his action in so doing is accordingly affirmed. Costs are awarded to respondent.

Sullivan, C. J., concurs.

BUDGE, J., Dissenting.—This appeal is taken from two orders made by the trial court: First, in appointing a receiver to take charge of a certain automobile; and, second, in refusing upon proper application to set aside such order.

From the record it appears that on September 25, 1915, the plaintiff, who is respondent here, filed a complaint in the district court of the third judicial district, to recover a balance due upon a promissory note and conditional sale contract, with a prayer for the appointment of a receiver to take possession of an automobile referred to in the note. The application was *ex parte* and without notice to the appellants. The receiver was thereupon appointed and, on the first day of August, 1915, the appellants filed a motion to set aside the order of appointment, which motion was denied.

The instrument sued upon is set out in *haec verba* in the majority opinion of the court, and by reference thereto it will appear that it is a promissory note and conditional sale contract for the payment of money on a stipulated date and in stipulated amounts. The following clause appears in the note: *"And it is further understood and agreed that the ownership and title to said National automobile shall not pass from J. J. Keane until the full sum of the principal and interest is paid."*

Counsel for respondent contends that this instrument is a chattel mortgage. But it will be observed that it is not acknowledged; that it has never been recorded; that it is not entitled to be recorded; that it is not accompanied by an affidavit of the mortgagor "that it is made in good faith and without any design to hinder, delay or defraud creditors"; and that it contains no right of redemption of the property referred to therein either before or at the sale of such property. While it may be conceded that, as between the mortgagor and the mortgagee, in order to constitute a valid mortgage, it is not essential to its validity that it be acknowledged, recorded or entitled to be recorded, or that it be accompanied by the affidavit of the mortgagor that it was made in good faith, yet in the absence of a right of re-

demption such an instrument cannot be construed to be a valid mortgage, even between the parties.

The absence of the acknowledgment, the affidavit and the failure to record the instrument, and especially the lack of a provision authorizing the mortgagor to redeem the property mortgaged, furnish ample evidence that the parties intended the transaction to be a conditional sale, and that the instrument was not intended to be considered a mortgage.

The instrument contains all of the necessary elements to constitute a conditional sale and it should, in my opinion, have been so construed by the trial court upon the application to appoint a receiver. It is true that it is frequently difficult to say whether a particular transaction constitutes a mortgage or a conditional sale as between the parties; yet, the mere difficulty of determining this question would not justify the court in failing to carefully scrutinize the allegations of the complaint, and basing its action upon those allegations. The rule is well established by numerous decisions that a conditional sale is an agreement to sell upon conditions to be performed, and not an absolute sale. In the case of *Harkness v. Russell*, 118 U. S. 663, 7 Sup. Ct. 51, 30 L. ed. 285, it was said that a conditional sale is a transfer of ownership for a price paid or to be paid, to become absolute on the performance of the conditions expressly stipulated in the contract; and if the conditions of the payment are not strictly performed at or before the time limited, the right to the title of the property is lost and there is no right of redemption. While, on the other hand, a chattel mortgage is an instrument whereby the owner of personal property transfers the title of such property to another as security for the payment of money or the performance of contract or other obligations, such to be defeated on payment of the money or performance of the obligation.

In the case at bar it cannot be successfully contended under the instrument sued upon, or upon a fair construction of the complaint, that the respondent transferred the title to the automobile to the appellants, and that the appellants

thereafter gave security upon said automobile to respondent for the payment of the money stipulated in the agreement.

Jones on Chattel Mortgages, sec. 26a, p. 36, says: "There can be no mortgage without a conveyance from a debtor to his creditor."

It clearly appears that a mortgage was never given to secure the debt. But, on the other hand, the contract in question expressly provides that, upon payment of the $3,100 according to the terms stipulated in the note, a considerable portion of which is admitted to have been paid, together with interest, which constituted the consideration for the purchase price of the automobile, the *ownership and title* to said National automobile should pass to appellants. And upon the failure of the appellants to pay the sum stipulated in the note according to the terms thereof, it was *expressly understood and agreed between the parties that the ownership and title to said automobile should not pass from respondent to appellants.*

In the case of *Barton v. Groseclose,* 11 Ida. 227, 81 Pac. 623, this court had under consideration an instrument similar to the one in the case at bar, which also contained a clause that the ownership of the property did not pass from the vendor until fully paid for, and the court held that such an agreement clearly constituted a conditional sale.

See, also, *Kester v. Schuldt,* 11 Ida. 663, 85 Pac. 974; *Mark Means Transfer Co. v. Mackinzie,* 9 Ida. 165, 73 Pac. 135, and Jones on Chattel Mortgages, *supra,* where the following rule is laid down: "A contract for the sale or lease of property, the purchaser or lessee to pay instalments or rent at stipulated times, the property to remain the seller's until a certain sum shall have been paid, is a conditional sale."

If the instrument upon which this action is predicated is not a chattel mortgage, but an ordinary promissory note and conditional sale contract, it must be conceded that the appointment of a receiver to take charge of the property would not be justified under a reasonable construction of sec. 4329, Rev. Codes, as amended by Sess. Laws 1909, p. 26, or under any other statutory provision of this state. And where the

instrument itself is not ambiguous or unintelligible, but certain in its terms, to anticipate what evidence might be adduced upon the trial, and appoint a receiver to take possession of the property depriving appellants of the use and revenue from the same and causing additional expense incident to the discharge of the duties of a receivership is, in my opinion, inequitable and unjustifiable.

In order to justify the appointment of a receiver, the question is not what evidence may appear upon the trial or the ability of respondent in this case to prove that the automobile was conveyed to him by appellants to be held as security for the payment of a debt, but it is, What does the complaint show? Before a receiver can be legally appointed in a given case, it is necessary for the plaintiff to allege a case within the jurisdiction of a court of equity; that is, a case which a court of equity has power to consider, and one which will justify a decree for relief by the court of equity. However strong a case a plaintiff may be able to establish by his evidence, and whatever the real facts may be, are absolutely immaterial unless the facts as alleged in the complaint are sufficient to authorize the appointment of a receiver and the ultimate granting of the relief sought to be obtained by the plaintiff in his suit.

The complaint in this case fails to establish a cause of action founded upon a chattel mortgage. Therefore the respondent was not entitled to the appointment of a receiver.

The complaint utterly fails to show a transfer or conveyance of title to the automobile by appellants to respondent. It, however, affirmatively shows upon its face that, unless the obligation sued upon has either been paid or in some manner discharged, the title to the automobile is in the respondent, and was in the respondent at the commencement of the suit in the trial court.

It therefore follows that neither the contract sued upon nor what are purported to be the facts as alleged in the complaint afford sufficient basis for the conclusion that the automobile is held by respondent as security for the payment of a debt. Moreover, in the absence of an admission of the

adverse party, it should not be conclusively presumed that the indebtedness has not been fully ·discharged.

If the automobile is the property of the respondent, he has no right to the appointment of a receiver to take charge of it.   If it were the intention of the parties that the instrument was to be a chattel mortgage and not a promissory note and conditional sale contract as appears upon its face, and respondent intended to rely upon parol evidence to establish that fact, it was incumbent upon him to so allege, and state that a mutual mistake had been made by the parties in drafting the instrument, and ask that the court reform the same to conform to what their intention really was and to enforce it in keeping with their mutual agreement as a chattel mortgage.   The pleader having failed to do this, it cannot be presumed that such a state of facts existed.

It is a well-settled principle of law that, in a case in which the court is empowered to appoint a receiver, the power will not be exercised where the plaintiff's right to recover upon the allegations of his complaint is doubtful.   (34 Cyc. 22.) It is also a general rule that a receiver will not be appointed where there is another safe and expedient remedy, or where the party has an adequate remedy at law.   (34 Cyc. 25.)

In *Schack v. McKey,* 97 Ill. App. 460, it was held that in a suit founded upon a state of facts which makes a case for replevin or trover, a receiver will not be appointed.

The appellants do not contend, for they have not yet answered, that the respondent is the owner of the automobile and entitled to the possession thereof.   They do, however, contend that the complaint fails to disclose a cause of action predicated upon a chattel mortgage, and fails to supply the necessary facts to entitle respondent to equitable relief; and that the respondent having failed to plead a chattel mortgage and a right to have the same foreclosed, the trial court was without jurisdiction to appoint a receiver.

The instrument upon its face is plain and unambiguous, and constitutes simply a promissory note with a conditional sale contract, and unless the obligation has been paid or discharged, the title to the automobile is in the respondent.

That being true, the court was without jurisdiction to appoint a receiver and the appointment was a nullity.

If the holders of promissory notes with conditional sale contract clauses are entitled to the appointment of receivers, the expense of litigation will be augmented and unnecessary burdens imposed upon litigants.

As I view it, receivers should not be appointed in doubtful cases. The appointment of a receiver is a severe remedy, because it divests the holder of property of his possession and use before a final hearing, and should not be resorted to save in strong cases, and never unless the plaintiff would otherwise be in danger of suffering irreparable loss.

Even admitting for the purpose of argument that the instrument sued upon in this action is a chattel mortgage, nevertheless, in my opinion, the trial court erred in appointing a receiver under the allegations contained in the complaint. It appears from the record that the appellants are engaged in the business of carrying passengers between certain points in Idaho, using the automobile referred to for that purpose. It is also alleged that the value of the automobile at the time of the appointment of the receiver was but $750. By reason of the appointment of the receiver the appellants were deprived of the possession and right to the use of the property.

The appointment of a receiver is part of the jurisdiction of equity and is based on the inadequacy of the remedy at law, being intended to prevent injury to the thing in controversy and to preserve it *pendente lite,* for the security of all parties in interest, to be finally disposed of as the court may direct. The power of appointing a receiver is of a high and extraordinary character and should be exercised by courts with the utmost caution, and only under such special circumstances as demand summary relief.

It is the duty of the court to look to the facts stated in a complaint before entertaining an application for the appointment of a receiver. And where a complaint fails to allege the insolvency of a defendant, or show that he is unable to respond in damages, a receiver should not be appointed.

The mere fact that the property is deteriorating in value, or may become wholly lost to the plaintiff, will not of itself justify the court in making the appointment.

This court has held that in the absence of allegations of insolvency or of proof thereof upon the trial, it is error for the court to appoint a receiver. (*Sweeny v. Mayhew,* 6 Ida. 455, 56 Pac. 85; *Kelly v. Steele,* 9 Ida. 141, 72 Pac. 887; *Brundage v. Home Savings & Loan Assn.,* 11 Wash. 277, 39 Pac. 666.) To the same effect is the case of *Blondheim v. Moore,* 11 Md. 365, where it was held that a trial court is not authorized to appoint a receiver on the ground that the appointment can do no harm.

In view of the authorities cited, whether the respondent will be required to pay the expenses of the receiver if he is unable to prove his case is absolutely immaterial and no justification for the appointment of the receiver.

In the case of *Buckley v. Baldwin,* 69 Miss. 804, 13 So. 851, the court said: "Creditors have rights which should be upheld. So have others, which must not be disregarded in the effort to enforce the rights of creditors. When a proper case is made for a receiver, the power to appoint should be exercised, but, even then, with due regard to the situation and circumstances of the case and the rights and interests of defendants, and never without notice to them and opportunity to be heard, unless there is a satisfactory showing of a necessity for such urgency."

From an examination of the record it is apparent to my mind that the complaint fails to contain a sufficient showing for the appointment of a receiver. The trial court was, therefore, without jurisdiction to make such appointment, and should, upon application of appellants, have discharged the receiver.

(February 10, 1916.)

SULLIVAN, C. J., on Rehearing.—A rehearing was granted in this case and on such rehearing oral argument was heard. The case has been fully reconsidered, and we find no cause or reason for changing our views as expressed in the original opinion in this case, and therefore adhere to the conclusions reached therein.

Morgan, J., concurs.

BUDGE, J., Dissenting.—I know of no reason why I should change my views as expressed in the dissenting opinion.