THE PEOPLE, EX REL. J. W. HUSTON, *v.* L. B. LINDSAY AND WILLIAM BRYON.

CERTIORARI.—Three things are necessary to be shown to warrant the granting of a writ of certiorari to the district judge: 1. That the judge exceeded his jurisdiction. 2. That there is no appeal. 3. That there is no other plain, speedy, and adequate remedy.

IDEM—DISMISSING WRIT.—A writ of certiorari improperly granted, will be dismissed on motion.

DISTRICT COURT—JUDGE AT CHAMBERS—JURISDICTION—QUO WARRANTO.— The district court has jurisdiction on *quo warranto* to determine the rights of several parties who claim to be entitled to the office of sheriff; and the judge of that court may properly decide, in such case, whether it is necessary to allege in the complaint that there has been an actual usurpation of the office; and if there be error in the ruling, such error may be corrected on appeal.

APPEAL—JUDGE AT CHAMBERS.—An appeal lies from the judgment of a district judge at chambers.

JUDGE AT CHAMBERS—JURISDICTION.—A judge of a district court does not exceed his jurisdiction by issuing an order or writ to enforce a judgment rendered by him at chambers.

CERTIORARI.—Certiorari will not lie until the case has been finally disposed of in the inferior court.

CERTIORARI to the judge of the district court of Ada county.

*H. E. Prickett,* for the defendant.

*William Bryon* moved to quash and dismiss the writ:

This is a proceeding by writ of certiorari, to review the proceedings and judgment of the judge of the district court, at chambers. The jurisdiction of a judge at chambers is sustained, at common law, by the following authorities: *Doe* v. *Mullarky*, 39 Eng. Com. L. 333; *Buller* v. *Stoveheld*, 8 Id. 552; *Slack* v. *Clifton*, 55 Id. 523; *King* v. *York*, 28 Id. 195; *Tomlinson* v. *Ballard*, 45 Id. 642; *Thompson* v. *Breck*, Id. 757; *De Forest* v. *Wall*, 58 Id. 598; *Low* v. *Ridley*, 59 Id. 478; *Padwick* v. *Turner*, 63 Id. 124.

We refer to the following decisions as sustaining the jurisdiction, when conferred by statute: *United States* v. *Nourse*, 6 Pet. 470 (1 Wisc. 623–625); *People* v. *Wilcox*, 22 Barb. 194, 195; *Brach* v. *Beckwith*, 13 Wisc. 21. This cause was tried at chambers by stipulation: *Held*, that the court had jurisdiction of the subject-matter and parties, and that the judge might so try it. (*Walker* v. *Rogan*, 1 Wis. 597.) This is a well-considered case, full of pith, point, and law, completely covering the whole question. (See also *Brewster* v. *Hartley*, 37 Cal. 15.) The case has not been finally determined by the judge of the court below. It is now pending on a motion for a new trial. Certiorari will not lie to an inferior tribunal, until the subject-matter has been finally adjudged. If the district judge has erred in judgment, the case can be brought to this court for review, after a final judgment has been rendered, by appeal or writ of error; therefore certiorari will not lie.

*J. Brumback*, for defendant Lindsay, opposing the motion:

We have three things to establish: 1. That the district judge has exceeded its jurisdiction. 2. That there is no appeal. 3. That there is no other plain, speedy, and adequate remedy. The district court has no jurisdiction of the subject-matter, because an action of this kind will not lie except where there is a a user of the office. (*Saunders* v. *Haynes*, 13 Cal. 148, 149; Angell & Ames on Corp., secs. 764, 765; Wheat. Sel. 1163–1190; 6 Abb. Pr. 220. The very words *quo warranto* imply possession—a user.

The proceeding attempted in this case is special, there-

fore the jurisdiction can only be exercised by the tribunal upon which it is conferred by statute. (*Reed* v. *Omnibus R. R. Co.*, 33 Cal. 212.) The judge at chambers had no jurisdiction to try the case. He can do nothing at chambers that he is not expressly authorized to do. (*Smith* v. *Chichester*, 1 Cal. 409; *Weeks* v. *Ludwig*, 9 Id. 175; *Hegeler* v. *Henschkell*, 27 Id. 495; *Bond* v. *Pacheco*, 30 Id. 532; *Norwood* v. *Kenfield*, 34 Id. 330; *Reynolds* v. *Bassett*, 1 Kansas, 86.) The organic act confines the judicial power to courts. (Sec. 9.) No judicial business, therefore, can be done out of court. The statutes only provide for an appeal from the judgments of a court; therefore, there is no appeal in this case. The right of appeal is statutory. (*Frerry* v. *Dodge*, 9 Minn. 166.) When a court attempts to exercise powers beyond its jurisdiction, its proceedings are *coram non judice*, and are not reviewable by appeal. (*Weeks* v. *Ludwig*, 9 Cal. 175; *People* v. *Jones*, 20 Id. 55; *Stone* v. *Elkins*, 24 Id. 125; *People* v. *The Judges*, 24 Wend. 251.) Lastly, there is no other plain, speedy, and adequate remedy.

LEWIS, J., delivered the opinion. WHITSON, J., concurred, and NOGGLE, C. J., dissented.

The plaintiff, upon the information of the district attorney, commenced an action in the court below against defendants, alleging that both defendants claimed to be entitled to the office of sheriff of Ada county, for the term of two years from the second day of January, 1871, and asking that the respective rights of defendants be determined. At the November term of said court for 1870, each of the defendants filed separate answers admitting that they made such claim, and setting up the facts upon which they based their claims. The cause being at issue at the November term of said court, upon the complaint and separate answers of the defendants, and set down for trial, by an agreement of the parties the following order was made of record on the twenty-first of November, 1870, being the thirteenth day of the term:

"Now, on this day, the attorneys for the several parties file their stipulation that said cause be continued beyond

the term, and that the same be tried before the judge of this court, at chambers, upon five days' notice to the several parties; whereupon the court ordered that said cause be continued, as asked by counsel in said stipulation filed."

On the fourteenth of December, Bryon served notice upon the other parties, that he would bring the case to trial on the twentieth of December, 1870, at ten o'clock A. M., before the judge at chambers. On the twentieth the case was called for trial at chambers, all of the parties being present by counsel, whereupon defendant Lindsay filed his motion to dismiss, because the complaint did not set forth facts sufficient to constitute a cause of action. This motion was overruled, to which Lindsay excepted. The judge thereupon proceeded to hear and determine the case.—J. W. Huston, attorney for the people; Prickett & McBride, for Bryon; Roseborough, Brumback, Heed & Miller, for Lindsay.

After hearing the evidence and arguments of counsel, judgment was rendered that Bryon was entitled to such office, on the facts found for two years, from the second of January, 1871, and that Lindsay was not; and adjudging the right to said office to Bryon, precluding Lindsay therefrom. On the thirtieth of December, Lindsay filed his notice of motion for a new trial. On the third of January, 1871, Bryon filed his affidavit stating that notwithstanding the judgment, the defendant, Lindsay, on the third day of January, entered and took possession of said office, jail, etc., and prevents him from taking possession in accordance with said judgment. An order was then issued by the judge, to Orlando Robbins as elisor, commanding him to put Bryon in possession, which he did.

On the fourth of January, 1871, Lindsay filed his motion and statement for a new trial, before the court below, which was noticed for hearing on the seventh of January, at ten o'clock, and before said judge. The points raised upon said motion being: 1. Insufficiency of the evidence to justify the findings and decision; 2. Error of law occurring at the trial duly excepted to; 3. Newly discovered evidence.

This being the condition of the cause, upon the seventh

of January, 1871, defendant, Lindsay, made application to this court for a writ of certiorari, which was issued, and the record being now before this court.

The defendant, Bryon, files herein his motion to quash the writ of certiorari herein issued because it appears upon the face of the record that certiorari will not lie in this case. Section 414, of the civil practice act, provides in what cases a writ of certiorari will be granted; it is declared therein that the writ may be granted by any court of the territory, except a justice's court. That it will be granted in all cases where an inferior tribunal, board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer; and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy.

It has been urged by counsel that as this court, by the provisions of the laws of the territory, has only appellate jurisdiction, it can not issue a writ of certiorari except in and of such jurisdiction; that the language of the statute giving to any court of the territory the right to issue the writ, must be held to mean any court of original jurisdiction. The supreme court of California, under a statute similar to ours, held that the supreme court of that state was only authorized to issue the writ in aid of its appellate jurisdiction, and that the provisions of the act granting to any court the authority to issue it must be held to mean any court of original jurisdiction. (*Miliken* v. *Huber*, 21 Cal. 166.) And it seems to be the practice of the supreme court of the United States to issue this writ only in aid of its appellate jurisdiction. (*Fowler* v. *Lindsey*, 3 Dall. 411.) The argument of counsel on this point is entitled to much consideration, but as we can dispose of the case without determining that question we will not now decide as to that point, suggesting that there is much doubt on that question. In order that the writ of certiorari may be granted under the provisions of our statute, three things must appear, to wit: 1. That the court or judge below exceeded his jurisdiction. 2. That there is no appeal provided by law from the judgment or decision of the court. 3. That there is no

other plain, speedy, or adequate remedy. If any one of these are wanting the writ can not be granted.

First, then, did the court below exceed its jurisdiction? To exceed is to go far—to pass beyond the proper bounds; and if in this sense the court exceeded its jurisdiction, we will have the first of the elements necessary to warrant the granting of the writ. Had the court below then jurisdiction of the subject-matter of the action? The definition given by Bouvier of subject-matter is, "the cause, the object, the thing in dispute." The thing in dispute in this case was the office of sheriff; both Lindsay and Bryon claimed to be entitled to the office, and the question to be determined was the respective rights of the parties to such office. It is claimed by Lindsay that because it was not alleged in the complaint that one of the defendants had usurped said office, the court or judge had no jurisdiction of the subject-matter.

Section 279 of the civil practice act provides, "that when several persons claim to be entitled to an office, an action may be brought against all of such persons to try their respective rights." Now it is clear that but one person can be in the actual possession of an office; hence, if the view of Lindsay be correct, section 279 has no force, because several persons can not at the same time usurp an office. But be this as it may, there is no doubt but that the court below had jurisdiction of the subject-matter, and the point made by Lindsay, that the suit could only be maintained in cases wherein it appeared from the complaint the defendant had actually usurped the office, simply raised the question as to whether "the cause of action had occurred," and it was clearly competent for the court to decide that point. And if there was error in the decision it can be corrected on a proper case brought to this court. Suppose that A. brings suit upon a promissory note against B., and B. interposes his plea to the jurisdiction of the court because the note is not yet due, this clearly presents to the court, the questions: 1. Whether the note is due; and 2. Whether if not due it has jurisdiction. Therefore should the court hold incorrectly on both points, it could

not be said that it exceeded its jurisdiction, for the law authorized a decision, and if wrong, it was but error to be corrected in the appellate court; but if it were true that the court and judge below exceeded his jurisdiction, is there not a plain, speedy, and adequate remedy provided by law?

Counsel insist in this court that because the case was tried by the judge at chambers, the judgment is a mere nullity *coram non judice,* and void. Hence no appeal will lie. It seems to be well settled that an appeal will lie from a void judgment. (*Hastings* v. *Moscow Co.,* 2 Nev. 93; *Gray* v. *Schupp,* 4 Cal. 155; *People* v. *Durell,* 1 Idaho, 30; *Peabody* v. *Phelps,* 7 Cal. 53.) Wherefore the fact, if admitted, that the judgment is void, does not prevent the defendant from bringing the case to this court upon a writ of error. But it is farther urged, that as the case was tried by the judge at chambers, and not by the court, no appeal will lie from the judgment of a judge at chambers.

This question was not raised either before the court or judge below. The parties, at the November term of the district court, by agreement, continued the case beyond the term for trial at chambers, and from such act it is presumed that counsel then had no question as to the power of the judge to try the case at chambers under the provisions of section 617, civil practice; but it is not necessary to determine as to that, for the reason that, in our view of the law, defendant has ample remedy, upon a writ of error in this court, to re-examine the decision and judgment of the judge at chambers. This very question, under the provisions of a statute from which ours was copied, was before the supreme court of California, and it was there held, that an appeal may be taken from a judgment of a district judge at chambers, in an action of *quo warranto mandamus* or certiorari. And the case then decided was never in the district court, but was commenced before the judge and by him tried at chambers. (*Brewster* v. *Hortly,* 37 Cal. 15; see, also, 13 Wisc. 21; 1 Id. 597.) It is also held in the same court that an appeal lies from an order made by a judge at chambers. (*Bond* v. *Pacheco,* 30 Cal. 530.) And the court, in discussing that case, on page

536, says that there was no want of jurisdiction over the subject-matter, but only an error in its exercise.

It is claimed, however, that the court exceeded its jurisdiction in issuing an order to put Bryon in possession of the office. Section 615 of the civil practice act declares that the courts and judges thereof shall have power to issue all writs necessary or proper to the complete exercise of the power conferred upon them by law. The judge, as shown by the record, tried said action. All the parties to the case were before him, judgment was entered, adjudging that Bryon was entitled to said office, and Lindsay be precluded therefrom. This judgment was of record in full force, and from which no appeal had been taken. Yet, notwithstanding the judgment, Lindsay took possession of the office, in open and direct violation of the judgment, and upon this showing made to the judge by affidavit, the question was presented, whether the judgments and orders of said court could and would be enforced, or whether judicial proceedings should be a mockery and farce; and whether the court had the power to compel obedience to its judgments, and in the issuing of said order, and thus vindicating the majesty of the law, the judge did his duty. But besides all this, it appears from the record that the case is still pending before the court below on motion for a new trial; and in our view, a case should in no event be brought here on certiorari until the district judge has finally disposed of the case; and this seems to have been so ruled in *Devlin* v. *Platt,* 11 Abb. 398; *People* v. *Devlin,* 5 Id. 194; 2 Wheat. 221. Whether the court or judge below has committed error of law on the trial of this cause, is not now before us for consideration, and if error has been committed, the statute furnishes the parties injured a plain remedy by writ of error to correct the error of the judge below, if error exist.

It appearing, therefore, that this is not a proper case for granting a writ of certiorari, the writ will be quashed, and proceedings dismissed; and it is so ordered.