(April 13, 1907.)

JAMES L. SAFFORD et al., Appellants, v. H. E. FLEM-MING et al., Respondents.

[89 Pac. 827.]

MINING CLAIMS—INJUNCTION PENDENTE LITE.

1. Where an action is brought to determine the right of possession to and ownership of certain mining ground, and it appears from the complaint and affidavit of one of the plaintiffs that the defendants have threatened to assault the plaintiffs and their employees if they appeared upon or undertook to do any work upon such claim, it is proper for the court to grant an injunction *pendente lite*, enjoining the defendants, their agents and employees from in any manner interfering with the plaintiffs and their employees in performing the necessary discovery work and other work upon said claim necessary to hold the same, although all of the

allegations of the complaint and affidavit be denied by the defendants.

2. The practice of courts in mining cases is to be liberal in granting injunctive relief in mining litigation, in order that neither party may get the advantage of the other during the litigation, by force or violence.

(Syllabus by the court.)

APPEAL from the District Court of First Judicial District for Shoshone County. Hon. Ralph T. Morgan, Judge.

Action to quiet title to mining claim and for injunction *pendente lite*. The trial court refused to grant an injunction *pendente lite*. *Reversed.*

John P. Gray, A. H. Conner, and Henry P. Knight, for Appellants.

It has been the practice in the mining states to be liberal in the granting of injunctive relief in mining litigation, in order that one party might not be placed in worse position during the litigation. (Lindley's Law of Mines, 2d ed., sec. 872; *Hunt v. Steese*, 75 Cal. 620, 17 Pac. 920; *Silver Peak Mines v. Hanchett*, 93 Fed. 76.)

Like bills of *quia timet*, injunctions in such cases are in the nature of writs of prevention, intended to accomplish the ends of precautionary justice. (*Buskirk v. King*, 72 Fed. 22, 18 C. C. A. 418; *Hess v. Winder*, 34 Cal. 270; *King v. Campbell*, 85 Fed. 814.)

Their purpose is to guard the property. It may be argued that the assaults committed and threatened are criminal acts, and therefore cannot be enjoined, but where such acts affect property rights as well, they are subject to the injunctive power of the court. (High on Injunctions, 4th ed., secs. 20, 1415h.)

No appearance for respondents.

SULLIVAN, J.—This is an appeal from an order refusing an injunction *pendente lite* and dissolving a temporary restraining order issued at the time of filing complaint. The

complaint was filed July 28, 1906, and the restraining order was issued upon the complaint, together with the affidavit of J. L. Safford, one of the plaintiffs, and made returnable August 10, 1906. On the latter date, the defendants appeared and filed their answer and their joint affidavit. They denied the allegations of the complaint and of the affidavit of J. L. Safford, and the court thereafter, on September 3d, made an order dissolving the temporary restraining order which had theretofore been issued and refused to grant an injunction *pendente lite*.

The complaint, which is verified, alleges that the plaintiffs are the owners of the Bunker Chance lode mining claim, situated in Eagle mining district, Shoshone county, Idaho; that they located the same on the 4th of June, 1906, and the complaint contained the other necessary allegations in an action of this kind. It is further alleged that thereafter the defendants, who are respondents here, entered upon said lode so located by the appellants, and pretended to initiate some claim thereto; that thereafter, on or about the seventeenth day of July, J. L. Safford, one of the plaintiffs, went upon the said ground with a man whom he had employed to perform the discovery work thereon; that said respondents met Safford and his employee there and threatened them with great bodily harm and threatened to kill Safford; that the man whom Safford had employed thereupon refused to remain and perform the discovery work; that afterward the appellants employed two other men to go on the Bunker Chance claim and go to work, and on or about July 26, 1906, while the men were so employed upon the ground, the respondents did forcibly and violently attack and assault them and prevent them from continuing the work.

The complaint also alleges on information and belief that the defendants removed the location notice of the appellants, and further, on information and belief, that it was the intention of the respondents to prevent the appellants from performing the location work required by law within the time limited by law, and prayed for an injunction pending the litigation.

The affidavit of Mr. Safford contains substantially the same allegations as are stated in the complaint, but states with more particularity the acts that occurred on the ground.

The answer of the respondents denied all the material allegations of the complaint and the allegations contained in said Safford's affidavit. The joint affidavit of the respondents also denied the allegations of the complaint and the allegations of the affidavit of said Safford.

The respondents claim said ground under a location called the "Lucky Stake," alleged to have been made on the 7th of July, 1906, a little over a month after the alleged location of the Bunker Chance by the appellants.

With the answer the respondents filed a cross-complaint, asking that the title to said ground be quieted in them. To the cross-complaint an answer was filed by the appellants denying the material allegations thereof and again praying for the relief prayed for in the original complaint, and denying that the defendant made any valid location of any mining claim covering the Bunker Chance ground on said seventh day of July, or at any other time.

After hearing the matter, the court dissolved the temporary restraining order theretofore issued and refused and declined to grant an injunction pending the litigation.

The counsel for appellants assigned two errors: The first is that the court erred in refusing to grant an injunction *pendente lite* restraining the defendants from interfering with or injuring the plaintiffs in their occupancy of said Bunker Chance mining claim; and, second, that the court erred in dissolving the temporary restraining order granted on the 28th of July.

It will be observed from the foregoing statements that this is a contest over the right to the possession and ownership of certain mining ground. The appellants allege in their complaint that they located the Bunker Chance claim on June 4, 1906. The defendants allege that they located the Lucky Stake claim on the 7th of July, 1906. The defendants deny that they have in any manner driven or kept the appellants off the ground included within the Bunker

Chance mining claim. They deny that they ever threatened or assaulted the employees of the appellant while such employees were attempting to perform the location work upon said claim. That being true, to restrain the respondents from doing those acts could do them no harm whatever. A temporary restraining order, one that restrained the respondents or their agents or employees from in any manner interfering with the plaintiffs in their work upon said mining claim, could do them no harm, and would permit with safety both sides to protect whatever rights they had until the final determination of this case.

It has been the practice of the courts in mining cases to be liberal in granting injunctive relief in mining litigation, in order that one party might not be placed in a worse position during the litigation. (See Lindley's Law of Mines, 2d ed., sec. 872.) The court erred in not granting an injunction preserving the rights of the parties until this action was finally determined.

The injunction to be granted in this case should not prevent either party from doing whatever was reasonably necessary for the preservation of the property in controversy. (See *Silver Peak Mine v. Hanchett,* 93 Fed. 76.) The purpose of such injunction is to protect the rights of the parties until the final determination of the case. (See, also, *Gilpin v. Sierra Nev. Cons. M. Co.,* 2 Idaho, 696, 23 Pac. 547, 1014; *Buskirk v. King,* 72 Fed. 22, 18 C. C. A. 418; *Hess v. Winder,* 34 Cal. 270; *King v. Campbell,* 85 Fed. 814.)

The court erred in refusing to grant an injunction *pendente lite.* The judgment is reversed and the cause remanded, with instructions to grant an injunction restraining the defendants, their agents, attorneys or employees, from in any manner interfering with the plaintiffs or their employees from doing whatever work they may see fit to do upon said Bunker Chance mining claim during the pendency of this action.

Costs are awarded to the appellants.

Ailshie, C. J., concurs.