(November 19, 1908.)

JOSEPH CASTELBURY, Appellant, v. JAMES H. HARTE, Trustee, Respondent.

[98 Pac. 293.]

ACTION TO QUIET TITLE TO LAND—INJUNCTION PENDENTE LITE—SUFFI-CIENCY OF AFFIDAVIT FOR—DISCRETION OF COURT.

1. Where it appears from the affidavits, complaint, answer and cross-complaint that each of the parties to a suit to quiet title to certain land, claimed to be the owner thereof and in the possession thereof and entitled to the possession; and that one of the parties entered upon the land and cut certain standing timber thereon, the granting of an injunction *pendente lite* is not an abuse of discretion, although the party against whom it is granted files an affidavit in the case stating that he has no intention of cutting and removing any more timber from the premises in dispute during the pendency of the action.

2. *Held*, that the court did not abuse its discretion in granting the injunction.

3. Where both parties to an action to quiet title to certain land are each claiming to be the owner thereof and entitled to the possession, upon a proper showing an injunction will be granted to preserve the property in *statu quo* pending the litigation.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Action to quiet title to certain land, in which action an injunction was issued pending the litigation. From the order granting the injunction the appeal was taken. *Injunction sustained.*

R. E. McFarland, for Appellant.

Courts of equity should hesitate before granting an injunction to restrain trespass, committed under color of title or right; and when the party seeking a preliminary injunction fails to show possession in himself, it should be denied. (*Carney v. Hadley*, 32 Fla. 344, 37 Am. St. Rep. 101, 14 South. 4, 22 L. R. A. 233; *Wash. etc. Ry. Co. v. Coeur d'Alene Ry. etc. Co.*, 2 Ida. 580, 21 Pac. 562; *Felton v. Justice*, 51 Cal. 529; 1 Spelling's Ex. Relief, secs. 341, 364; *Myers v. Hawkins*, 67 Ark. 413, 56 S. W. 640; *More v. Ord*, 15 Cal. 204; *Tevis v. Ellis*, 25 Cal. 515; *Shields v. Johnson*, 10 Ida. 454, 79 Pac. 394; 22 Cyc. 760, 827.) The order and writ of injunction should be so restricted as not to deprive the appellant of any rights which the case, made by the cross-complaint and showing of respondent, does not require that he should be restrained from exercising. (*Kredo v. Phelps*, 145 Cal. 526, 78 Pac. 1044; *Mundy's Landing etc. Turnpike Co. v. Hardin*, 14 Ky. Law Rep. 460, 20 S. W. 385; *Gregory v. Nelson*, 41 Cal. 278; *German Printing etc. Co. v. Illinois S. Z. Co.*, 55 Ill. 127.)

Gray & Knight, and A. H. Conner, for Respondent.

It is a well-settled rule that an injunction *pendente lite* will be granted to preserve property in *statu quo* until the final determination of the action. (*Staples v. Rossi*, 7 Ida. 618, 65 Pac. 67; *Safford v. Flemming*, 13 Ida. 271, 89 Pac. 827.) The action of the trial court in granting or refusing to grant injunctions *pendente lite* will not be reviewed, unless it clearly appears that there was an abuse of discretion. (*Santa Cruz Fair-Building Assn. v. Grant*, 104 Cal. 306, 37 Pac. 1034; *Grannis v. Lorden*, 103 Cal. 472, 37 Pac. 375; *Marks v. Weinstock, Lubin & Co.*, 121 Cal. 53, 53 Pac. 362; *Christopher v. Condogeorge*, 128 Cal. 581, 61 Pac. 174.)

SULLIVAN, J.—This is an action to quiet title to a certain tract of land. The complaint is in the usual form of actions of this character. The plaintiff alleges possession and title in himself, which is denied in the answer of the defendant, and the defendant by cross-complaint alleges possession and title in himself.

The action was commenced on June 13, 1907. It appears from the record that sometime in July, after the action was commenced, the plaintiff went upon the land and commenced cutting sawlogs, and it appears from the record that he cut from ten to twenty thousand feet, board measure, and removed a part of the logs from the land in controversy and placed them in a small stream, a tributary of the St. Mary's river; that the defendant thereupon made application to the court for an injunction *pendente lite*, which, after a hearing, was granted. This appeal is from the order granting such injunction.

The appellant assigns as error the granting of, and the continuing in force of, said injunction during the pendency of this suit. It is first contended that the affidavit on which the restraining order was granted is not sufficient, and does not state facts sufficient to warrant the granting of an injunction. While some of the facts are stated on information and belief, those facts are partially admitted by the counter-affidavits of appellant. On the papers presented on the application for the injunction, it appears that each of the parties is claiming the ownership, title and possession and right to the possession of the land in question. In the affidavit of respondent, it is alleged that the respondent, sometime during the fall of 1907, commenced cutting logs upon the land in controversy; that he had already cut about 200 logs, amounting to about 20,000 feet, board measure, of the value of about $100; also that a few of those logs had been removed from the land in controversy and placed in a small stream called Emerald creek, which is a tributary of the St. Mary's river; and that appellant has threatened and is about to cut other logs and timbers from said land in violation of the defend-

ant's rights, which acts, if allowed to be done, will tend to render any judgment recovered herein ineffectual. In the counter-affidavit filed by appellant, he admits that he had cut about 10,000 feet of logs, board measure, and protests that he does not intend to cut any more logs. The application for an injunction was made upon that affidavit, the complaint, answer and cross-complaint and the affidavit of the appellant, and we think the showing sufficient to warrant the granting of an injunction *pendente lite* in order to preserve the *statu quo* of the premises until the final determination of the suit.

It is contended by counsel for appellant that the affidavit of the appellant used on said hearing contradicts the alleged threatened acts contained in the affidavit made in behalf of the respondent. That contention is correct, so far as the intention of the appellant to continue the cutting of timber from said land is concerned. He states in said affidavit that he does not intend to cut any more timber on said land or remove any therefrom. But it might occur to him to change his intention and proceed and cut more timber and remove it from said land. There is nothing in the record that would restrain him from changing his mind and proceeding to remove the timber, except the writ of injunction issued by the court. If he has no intention of cutting and removing other timber from said land, the restraining order issued will in no manner interfere with him, and if it should occur to him to change his intention, the restraining order in all probability would prevent him from carrying out his changed intention.

Where the title and possession of real estate is in litigation and each of the litigants claims the same, upon a proper showing, an injunction *pendente lite* will be granted to preserve the land in *statu quo* pending the litigation. Under subdiv. 2 of sec. 4288, Rev. Stat., it is provided that an injunction may be granted when it appears by the complaint or affidavit or cross-complaint or affidavit of defendant that the commission or continuance of some act during the litigation would produce waste to the land in controversy. We

think it sufficiently appears from the papers which were considered on the motion for an injunction that the cutting of the timber on the land in dispute would produce waste.

The leading case in this state on the question under consideration is that of *Staples v. Rossi*, 7 Ida. 618, 65 Pac. 67, which is similar to the case at bar. In that opinion the court said:

"The allegations of the complaint, if sustained at the trial, will establish the ownership of the plaintiffs in the mining ground described, and to the timber cut therefrom by appellants, and which they have been temporarily restrained from removing, and the plaintiffs should be protected until the question of ownership is determined. If plaintiffs succeed in establishing their title, they are entitled to protection to their property in specie. Without the aid of injunction, I know of no other remedy which will fully protect them in their rights."

This court has taken the same position in the case of *Safford v. Flemming*, 13 Ida. 271, 89 Pac. 827. The granting of an injunction *pendente lite* rests in the sound discretion of the court. In High on Injunctions, sec. 11, the author says:

"The right to a preliminary injunction is not *ex debito justitiae*, but the application is addressed to the sound discretion of the court, to be guided according to the circumstances of the particular case."

The action of the trial court in granting or refusing to grant an injunction *pendente lite* will not be reversed on appeal unless it clearly appears that there was an abuse of discretion.

We conclude that the application for the temporary injunction was sufficient, and that the court did not abuse its discretion in granting the writ. The order of the court is sustained with costs in favor of the respondent.

Stewart, J., concurs.

AILSHIE, C. J., Dissenting.—I am unable to agree with the conclusion reached by my associates in this case. As I read and understand the record in this case, there was a

total failure on the part of the respondent to make any show-ing that would set in action the discretion of the court to grant an injunction. The complaint in this case was filed June 13, 1907. The appellant alleged title in fee simple and that he had been in possession of the premises for more than six years, and prayed for a decree quieting his title. On the 15th day of August thereafter, the defendant answered and filed a cross-complaint. He admitted—by failure to ·deny—that the plaintiff had been in possession for six years, but denied his present possession. Defendant thereafter alleged that he acquired a tax title to the property, and has been the owner and in the possession, and entitled to the possession, of the premises ever since August 24, 1905, which covered a period a few days short of two years prior to the filing of defendant's answer and cross-complaint. He there-upon prayed that his title be quieted to the premises. On September 30, 1907, plaintiff answered defendant's cross-complaint. The case remained in that condition until Jan-uary 7, 1908, when an affidavit was filed by Mr. A. H. Con-ner, one of the attorneys for defendants. This affidavit was wholly on "information and belief." It was alleged that sometime during the fall of 1907, the plaintiff had cut about 200 logs, amounting to some 20,000 feet, of the value of about $100, and that the affiant was "informed and believed" that plaintiff intended to continue to cut logs and timber from the land. The plaintiff himself made and filed an affidavit admit-ting that in July, 1907, he cut 10,000 feet of sawlogs on the premises, and alleged that he had never cut any timber from those premises since the month of July, 1907, and that the amount he did cut was not worth to exceed $30, and that he had no intention of cutting any more until the case was settled and that he had never threatened to do so. The affi-davit of the plaintiff is positive and upon his own knowledge. The affidavit of defendant's attorney, Mr. Conner, is wholly upon "information and belief." Under these circumstances there was not only a direct contradiction, but the evidence on the part of the plaintiff was conclusive, because it was posi-tive, made by one who knew, while the evidence of the de-

fendant was wholly upon "information and belief," and did not state the sources of information or produce the affidavits or statements of anyone who furnished the information.    Under such circumstances the trial court was without jurisdiction to make such an order.    Defendant's cross-complaint makes no mention or charge of cutting timber or the commission of waste.    It states, and is conclusively shown in this case, that whatever timber had been cut was cut by the plaintiff prior to the defendant's making any appearance in court whatever or filing any answer or cross-complaint or having any cause of action pending in court, and by one who claimed to be the owner of the premises and in possession thereof, and who, defendant admits, had been the owner of the premises and had been in possession of the premises at some previous time.    There is not the slightest doubt in my mind but that this order was erroneous and should be reversed.    In *Shields v. Johnson*, 10 Ida. 454, 79 Pac. 394, this court said:

"Courts of equity should hesitate before granting injunctions to restrain trespass committed under color of title or right."