(December 28, 1917.)

## KOOTENAI COUNTY, a Municipal Corporation, Plaintiff, v. STATE BOARD OF EQUALIZATION OF THE STATE OF IDAHO et al., Defendants.

[169 Pac. 935.]

WRIT OF REVIEW — STATE BOARD OF EQUALIZATION — FUNCTIONS OF— STATE AUDITOR—STATUTORY DUTY—WRIT OF MANDATE.

1.  A writ of review will lie when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal nor, in the judgment of the court, any plain, speedy or adequate remedy.

2.  When the state board of equalization has determined the number of miles of electric current transmission lines in a certain county and the value thereof, and of the operating property, its judicial function with respect thereto terminates.

3.  When the state board of equalization has determined the number of miles of electric current transmission lines in a certain county and the assessed valuation thereof, and of the operating property in such county, it becomes the statutory duty of the state auditor to certify such amount to that county, and that duty may be enforced by a writ of mandate notwithstanding any order to the contrary from such board.

4.  Where plaintiff can obtain the relief sought by a writ of mandate to compel the performance of an official duty, a writ of review will be denied.

[As to persons entitled to prosecute writ of *certiorari*, see note in 103 Am. St. 110.]

Original proceeding to obtain a writ of review. Alternative writ issued; motion to quash and demurrer sustained.

Ezra R. Whitla and Bert A. Reed, for Plaintiff.

The order of the board, not being subject to collateral attack, therefore prevents Kootenai county from taking any other proceedings in any other court or tribunal to collect the taxes which have been erroneously paid to the other counties, as by simply showing the order of the board of equalization it would be conclusive of the right to collect

the same until set aside. (*United Globe Mines v. Gila County,* 12 Ariz. 217, 100 Pac. 774; *Stanley v. Board of Supervisors,* 121 U. S. 535, 550, 7 Sup. Ct. 1234, 30 L. ed. 1000.)

"For the correction of the improper exercise of such excessive jurisdiction, the writ of *certiorari,* and not *mandamus,* affords the proper relief." (*Heitman v. Morgan,* 10 Ida. 562, 79 Pac. 225; *Levan v. Richards,* 4 Ida. 667, 43 Pac. 574.)

The court unquestionably has full authority to correct and modify the acts of the board of equalization if found erroneous. (*Baker v. Superior Court,* 71 Cal. 583, 12 Pac. 685.)

T. A. Walters, Atty. Genl., and A. C. Hindman and J. P. Pope, Assistants, for Defendant Board, F. L. Moore, for Latah County, and F. A. McCall, for Banner County.

This question was gone into fully in the comparatively recent case of *Northwest Light & Water Co. v. Alexander,* 29 Ida. 557, 160 Pac. 1106. Fundamentally, the same question is involved in the instant case, namely, the right of the courts to review and change proceedings of the state board of equalization.

RICE, J.—This is an original proceeding in this court to obtain a writ of review directed to the state board of equalization, commanding it to certify to this court the proceedings of the state board of equalization for the year 1916 in regard to the assessment of the property of the Washington Water Power Company in Kootenai county. An alternative writ was issued. The state board of equalization appeared and moved to quash the writ upon the grounds that "neither the said writ nor petition upon which it is based state facts sufficient to entitle the plaintiff to the relief demanded or any relief whatever as against the alleged grievances in said writ and petition averred." Several of the counties of the state were also made parties to the proceeding, and Latah county appeared and filed a demurrer to the petition.

The material allegations in the petition are in substance as follows: That during the year 1916, the state board of equalization met and proceeded to equalize the assessments of the various public utilities of the state. of Idaho as required by law; that the said board assessed and set the valuation of the electric plant of the Washington Water Power Company within the state of Idaho at the sum of $2,250,000; that the said board determined the mileage of the transmission lines of the Washington Water Power Company in the various counties as follows: Bonner county, 19.8 miles; Kootenai county, 114.33 miles; Latah county, 35.206 miles; Nez Perce, .855 miles; Shoshone county, 101.6 miles; that said board of equalization assessed the said transmission lines in the sum of $4,980.24 per mile in all of said counties, and the plant of the said Washington Water Power Company within Kootenai county in the sum of $900,000, making the assessed valuation within Kootenai county, $1,469,391.   No complaint is made of the foregoing proceedings of the board.

It is further alleged, however, that thereafter the state board of equalization in apportioning the amount of taxes to the various counties in which the Washington Water Power Company had an interest, erroneously, wrongfully and without jurisdiction proceeded to apportion to Kootenai county, as its valuation of said company's plant and transmission lines upon which it was entitled to collect taxes from said company, the sum of $836,786, and that said board equally exceeded its jurisdiction in apportioning the valuation of the Washington Water Power Company's plant and property, situated in Kootenai county, to the other counties wherein a portion of said property was situated, and thereby apportioned to other counties the sum of $632,605 assessed valuation of said company's plant located in Kootenai county. The petition prays that upon review "this honorable court correct said apportionment so as to apportion to Kootenai county the sum of $1,469,371 as its share of the assessment upon said Washington Water Power Company, to which it is entitled to collect taxes thereon."

Rev. Codes, sec. 4962, reads as follows: "A writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

In *Northwest Light & Water Co. v. Alexander,* 29 Ida. 557, 160 Pac. 1106, it is said: "The state board of equalization is a constitutional board, clothed by statutory authority with *quasi*-judicial powers in regard to the assessment of certain classes and kinds of property."

In *Orr v. State Board of Equalization,* 3 Ida. (Hasb.) 190, 28 Pac. 416, it is stated in effect that the state board of equalization is entirely a creature of law, and that it has no power or authority except that which is given it by law.

Sess. Laws 1913, c. 58, sec. 92, as amended Sess. Laws 1915, c. 18, p. 70, reads, in part, as follows: "The said board [state board of equalization] shall at such meeting ascertain and determine the full cash value of the electric current transmission lines in each county separately, and shall determine the total value, the number of miles and value per mile of each electric current transmission line in each county into or through which said line extends, and the value, number of miles and value per mile of such line in any incorporated city, town, village, school district or other taxing district into or through which the said line extends. The value per mile of electric current transmission lines is to be determined by dividing the total value of such line within each county by the number of miles of such line within said county, and all operating property of such electric current transmission lines shall be assessed as of and apportioned to the county in which the same is situated as a part of the transmission line in said county. . . . . . "

It is plain that the state board of equalization should determine the assessed valuation of electric current transmission lines and operating properties by counties, instead of by the state as a whole, and that each county should collect

taxes upon the assessed valuation of the property actually within its territorial limits. It has no power or authority to apportion valuations to the different counties of the state. Its function ends when it has determined the assessed valuation of electrical transmission lines within each county separately. No complaint is made in the petition of the action of the board in that respect. It is alleged that the total value of the property of the Washington Water Power Company, within Kootenai county, was determined by the state board of equalization as $1,469,391, and the total mileage of said lines in said county as 114.33 miles. At this point the function of the state board of equalization terminated, except to determine the mileage and value per mile in the subordinate taxing districts of the county.

Sess. Laws 1913, c. 58, sec. 96, p. 202, is as follows: "On or before the first Monday of September in each year the state auditor, as secretary of the state board of equalization, must prepare and transmit certified statements of the assessment of property by the said board to the county auditors of the several counties of this state, in accordance with the provisions of this act."

The duty of the state auditor to make the certificate is thus prescribed by the statute, and his statutory duty could not be altered by any order to the contrary which the state board of equalization might make. The state auditor could be compelled to perform his statutory duty by writ of mandate.

The writ of review is not a proper remedy, and the motion to quash will be granted. The petition is denied, with costs to defendants.

Budge, C. J., and Morgan, J., concur.