(No. 5227.   August 15, 1928.)

ALBERT BEUS, Plaintiff, v. ROBERT M. TERRELL, Judge of the District Court of the Fifth Judicial District of the State of Idaho, Defendant.

[269 Pac. 593.]

R. J. Dygert, for Plaintiff.

Peterson, Baum & Clark, for Defendant.

BUDGE, J.—Application for a writ of *certiorari*. Under our practice and by statute (C. S., sec. 7242) such writ is denominated "writ of review." Writ issued to review action of the Honorable Robert M. Terrell, one of the judges of the district court of the fifth judicial district, in appointing a receiver in an action pending before him to foreclose a real estate mortgage, in which action plaintiff here is one of the parties defendant.

Plaintiff in this proceeding was made a party defendant to a complaint filed by the Merchants Trust Company to foreclose a real estate mortgage, and was in possession of the property. Shortly after the filing of an amended and supplemental complaint the trust company obtained from the judge of the district court an order to show cause why a receiver should not be appointed to take charge of the mortgaged premises. Before the date set for hearing on

the order to show cause, plaintiff here filed an answer to the complaint in foreclosure, setting up as a defense that the mortgage sought to be foreclosed was one of three mortgages given to secure one loan, and that one of said mortgages had been foreclosed and the property sold under execution; that the property was thereafter purchased by plaintiff and an action commenced by him to quiet title to the premises upon the theory that two of the three mortgages had been waived by foreclosure of the one; that the assignor of the trust company's mortgage executed and delivered to plaintiff a quitclaim deed to the property and plaintiff believed his title to said premises to be free and clear from any cloud by reason of said mortgages; that he had no knowledge or notice that anyone other than the trust company's assignor claimed any interest in or to any of said mortgages, the same standing on the records of the county wherein the property is situate, at all times prior to his purchase of the property, in the name of the trust company's assignor,—there having been, in other words, no recorded assignment of any of the mortgages.

The complaint in foreclosure sets up certain provisions of the mortgage in suit, showing an agreement by the mortgagors to pay taxes and assessments on the property due or to become due, and alleges default in this respect, whereupon the trust company, in order to save the premises from being sold for taxes, was compelled to pay the same; alleges that by reason of the accrual of taxes and the augmentation of the mortgage indebtedness by the failure of the mortgagors to pay taxes, the property is not and will not be of sufficient value to discharge the mortgage debt. The mortgage is also shown to provide that in case of default in any of the covenants therein contained, all the rents and profits of the premises would be pledged as additional security.

It appearing from these allegations of the complaint that conditions of the mortgage had not been performed, and that the property is probably insufficient to discharge the mortgage debt, sufficient requisites ordinarily to author-

ize the appointment of a receiver under the statute, C. S., sec. 6817, with the added force of a pledge of the rents and profits, it remains to be determined whether the allegations of plaintiff's answer operated to divest the court of that jurisdiction; but first we will discuss some of the elements by which we are to be guided in considering a case of this kind.

C. S., sec. 7243, provides: "A writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy."

It is provided by C. S., sec. 7243: "The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

In order that a writ of review may be granted under the first section quoted above, three things must appear: 1. That the inferior board, tribunal or officer exercising judicial functions has exceeded the jurisdiction of such tribunal, board or officer; 2. That there is no appeal provided by law from the judgment or decision; 3. That there is no plain, speedy or adequate remedy. (*People v. Lindsay*, 1 Ida. 394; *Dahlstrom v. Portland Min. Co.*, 12 Ida. 87, 85 Pac. 916; *Kootenai County v. State Board of Equalization*, 31 Ida. 155, 169 Pac. 935; *Neil v. Public Utilities Commission*, 32 Ida. 44, 178 Pac. 271.)

As set out in C. S., sec. 7243, quoted *supra*, the review in such cases is limited to the sole question of whether or not the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer. (*Sweeny v. Mayhew*, 6 Ida. 455, 56 Pac. 85; *Gibbs v. Morgan*, 9 Ida. 100, 72 Pac. 733; *Hay v. Hay*, 40 Ida. 159, 232 Pac. 895; *Mays v. District Court*, 40 Ida. 798, 237 Pac. 700.)

In *Keane v. Kibble*, 28 Ida. 274, 154 Pac. 972, the court entertained an appeal from an order appointing a

receiver, and in *Chemung Mining Co. v. Hanley*, 11 Ida. 302, 81 Pac. 619, certain language was used in the opinion indicating that an order granting or refusing a motion for the appointment of a receiver is an appealable order, but in *Evans State Bank v. Skeen*, 30 Ida. 703, 167 Pac. 1165, in which the first two decisions mentioned were considered, it was held that such orders are interlocutory, not final, and as such not appealable. The order appointing the receiver in the instant case is not an appealable order.

As authority for the issuance of the writ and as grounds for reversal of the action of the lower court in appointing a receiver, plaintiff relies almost entirely upon the decision of this court in *Sweeny v. Mayhew, supra,* wherein the appointment of a receiver was held to be unauthorized in any of the class of cases mentioned in section 4329 of the Revised Statutes (substantially the same as the present statute, C. S., sec. 6817, enumerating the grounds upon which a receiver may be appointed), when the equities of the complaint are fully denied by the answer. To construe the holding in the Sweeny-Mayhew case as meaning that the appointment of a receiver therein was unauthorized to the extent of being beyond the court's jurisdiction would be to say that the court confused what might be excess of jurisdiction and what is judicial error.

Excess of jurisdiction is to be distinguished from an error of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of jurisdiction. If it did, every error committed by the court in the course of judicial investigation would be an excess of jurisdiction. It was said, in passing upon this question, in *Utah Assn. of Credit Men v. Budge*, 16 Ida. 751, 102 Pac. 691, that if the order made by the trial court was within its jurisdiction, however erroneous it may have been, it cannot be reached by writ of review. Further:

"If the court had jurisdiction of the person and the subject matter, then it is clear that whatever mistake has been made has been only an error committed on the part

of the trial court in exercising his judgment and applying the law to the case, rather than an excess of jurisdiction in acting in a matter wherein he had not acquired jurisdiction to act or wherein his court has no jurisdiction of the subject in litigation. . . . . The property was within the jurisdiction of the court. The persons were within the jurisdiction of the court, and had subjected themselves to its orders and process. Whether or not this was a proper case in which to appoint a receiver was the question presented to the court, and that was finally submitted for the court's determination and decision. The court had the jurisdiction, power and authority to hear and determine that question. It accordingly did so. If the court committed an error in deciding the question thus presented, we answer that the court had jurisdiction to commit error. . . . . We conclude, therefore, that whatever mistake, if any, the court may have committed in appointing a receiver in this case, it was only an error, and was not an excess of jurisdiction within the purview of the statute.''

So, in the matter now before us, it is apparent that the court had jurisdiction of the persons and the subject matter, and the authority to hear and determine whether this was a proper case in which to appoint a receiver, such power being expressly conferred by statute. Accordingly, if the court erred in the appointment of a receiver herein, it was error committed in the exercise of its jurisdiction which cannot be corrected upon a writ of review. It follows, therefore, that the proceedings below must be affirmed· and the writ dismissed. It is so ordered. Costs to defendant.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.