(No. 7159. December 23, 1943.)

BERNICE H. GILBERT and HARRIETT M. JARRETT, Plaintiffs, v. ED. S. ELDER, Judge of the District Court of the Eighth Judicial District of the State of Idaho, in and for the County of Boundary, and PACK RIVER LUMBER COMPANY, a corporation, Defendants.

[144 Pac. (2d) 194.]

W. J. Nixon for plaintiffs.

Everett E. Hunt for defendants.

HOLDEN, C.J.—September 18, 1943, Bernice H. Gilbert and Harriett M. Jarrett commenced a suit in the District Court for Boundary County against the Pack River Lumber Company, a corporation, alleging, among other things, they were the owners of a certain tract of timber land located in that county, the primary purpose of the suit being to permanently restrain and enjoin the company from cutting and removing timber from said tract of timber land. October 9, 1943, plaintiffs Gilbert and Jarrett moved that court for an order requiring defendant to show cause why it should not be temporarily enjoined and restrained from cutting and removing the timber from said lands, the application being supported by affidavits. On the same day the application was granted and an order to show cause was issued, hearing being noticed for

October 12, 1943. On that day the matter was heard, each party being represented by counsel. At the conclusion of the hearing, an order was entered directing the issuance of an injunction, pursuant to which an injunction issued October 13, 1943, enjoining and restraining the Pack River Lumber Company, pending final hearing of the cause on its merits, from removing the timber from said tract of timber land. On the next day, to-wit, October 14, 1943, an order was filed (dated October 13, 1943) entitled "Order Allowing Supersedeas Bond or Staying of Writ of Injunction," by the terms of which, in substance and effect, the injunction theretofore issued, as aforesaid, was ordered stayed, effective upon the giving of a bond in the sum of $5,000.00, which was thereafter promptly given, as required.

October 25, 1943, Bernice H. Gilbert and Harriett M. Jarrett, plaintiffs in said suit in said district court, made application to this court seeking a review by this court of the said action of the said district court in staying the said injunction, issued as aforesaid, alleging, among other things, that said "order allowing Supersedeas Bond or Staying of Writ of Injunction out of the said district court was and is illegal and void and in excess of the jurisdiction vested in said (the said district) court, or the judge thereof."

October 26, 1943, an order was entered herein directing the issuance of a writ of review to review the said action of the Hon. Ed. S. Elder, pursuant to which a writ of review, in the usual form, was issued, directed to the said the Hon. Ed. S. Elder, the judge of the said district court, returnable November 4, 1943. November 2, 1943, a transcript of the record and proceedings in said cause commenced and pending in said district court as aforesaid, was certified into this court as required by sec. 13-205, I.C.A. November 4, 1943, the Pack River Lumber Company, the real party in interest, filed its answer, traversing the material allegations of the petition.

"The review upon this writ can not be extended further than to determine whether the inferior tribunal, . . . has regularly pursued the authority of such tribunal . . ." (Sec. 13-208, I.C.A.; *Sweeny v. Mayhew*, 6 Ida. 455, 56 P. 85; *McConnell v. State Board etc.*, 11 Ida. 652, 83 P. 494; *Lansdon v. State Board of Canvassers*, 18 Ida. 596, 111 P. 133; *Northwest Light etc. Co. v. Alexander*, 29 Ida. 557,

160 P. 1106; *Beus v. Terrell,* 46 Ida. 635, 269 P. 593; *State Ins. Fund v. Hunt,* 52 Ida. 639, 17 P. (2d) 354; *Hawley v. Bottolfsen,* 61 Ida. 101, 98 P. (2d) 634, 636.)

The Pack River Lumber Company claims the right to continue to cut and remove timber from the tract of land in question upon an alleged offer by the company to purchase the tract and an alleged acceptance of such offer by petitioners, which, of course, concedes petitioners were, prior to the alleged offer and alleged acceptance, the owners of the tract. By the time the cause would be tried on its merits, the company might have cut and removed all the timber from the tract, so that if judgment should finally go against the company and in favor of the petitioners upon a trial of the cause on its merits, the Company would, indirectly, have compelled petitioners to sell their property to it whether they would or not, and accept whatever monetary consideration it was willing to pay, after it got the timber, or sue at their own expense to recover damages.

Moreover, the record discloses that what the lumber company is principally interested in, is getting the timber standing on the land. Hence, the staying of the temporary injunction gives the company an opportunity to get that, the principal relief it seeks, in advance of the trial of the case. Neither plaintiff nor defendant should be given the principal relief sought in advance of the trial of the cause. As this court in *Rowland v. Kellogg Power & Water Co.,* 40 Ida. 216, 225, 233 P. 869, held:

"A temporary injunction will not usually be allowed where its effect is to give the plaintiff the principal relief he seeks without bringing the cause to trial, neither should a preliminary injunction be dissolved (nor stayed, we think) where its effect would be such as to give the defendant the relief he seeks without bringing the cause to trial."

It is contended, however, that cutting and removing the timber from the tract of land in question does not constitute an irreparable injury in that petitioners have an adequate remedy in the form of an action at law for damages. Touching that matter, we direct attention to *Pardee v. Camden Lumber Co.* (W.Va. Supreme Ct. of Appeals), 70 W.Va. 68, 73 S.E. 82, 43 L.R.A. (N.S.) 262, a case, in its facts, similar to the case at bar. In the course of

discussing the question as to whether cutting and removing timber is adequately remediable by an action at law, the West Virginia court expresses itself thus:

". . . we must see to what extent the remedies afforded by courts of law and equity protect and vindicate the right of an owner of property to keep it in such condition as he desires. If we find the general object to be the maintenance of this right respecting all other kinds of property, we must necessarily say it ought to extend to the right of an owner of timber to allow it to stand upon his land in its natural state as long as he desires it to do so. Timber cut down and converted into mere logs and lumber is plainly not the same thing as standing timber. It is equally manifest that the legal remedies are wholly inadequate to reconvert logs and lumber into live, standing, growing trees."

And, following a lengthy discussion of the question in all its phases, the West Virginia court held:

"As growing timber is part and parcel of the land on which it stands, wrongful destruction thereof is an injury to the land itself, not adequately remediable by an action at law." (See also *Shipley v. Ritter*, 7 Md. 408, 61 Am. Dec. 371; *Musch v. Burkhart*, (Iowa) 12 L.R.A. 484; *Ryan v. Weiser Valley Land etc. Co.*, 20 Ida. 288, 297, 118 P. 769.

While "The term 'due process of law' is not susceptible of exact or comprehensive definition" (16 C.J.S., sec. 567, p. 1140). ". . . it has been said that there can be no doubt of its meaning when applied to judicial proceedings, and as so applied due process of law has been variously held to mean a law which hears before it condemns, which proceeds on inquiry, and renders judgment only after trial." (16 C.J.S., sec. 567, b., p. 1143.)

Here, of course, the Pack River Lumber Company was not interested in the land itself. It was, and is, as a matter of fact, interested solely in the timber standing on the land—cutting and converting it into merchantable lumber. And, as above pointed out, the effect of the order complained of by petitioners was to give the company all the relief it really sought on the hearing of an application, which, by no stretch of the imagination, could be held to be a trial of the cause on its merits within the meaning of the "due process" rule. Hence, we conclude the district court, under all the facts and circumstances of this case,

exceeded its jurisdiction. Judgment will, therefore, be entered annulling the order of the court herein reviewed, with costs to the petitioners.

Ailshie, Givens and Dunlap, JJ., concur.

BUDGE, J., specially concurring.—To my mind the pertinent question here presented is whether the trial court by making and entering its order of October 13, 1943 superseding or staying the preliminary injunction granted October 12, 1943, exercised a sound judicial discretion or abused such discretion. As I read and understand the record there was a total failure on the part of defendant to make any showing that would set in action the discretion of the court to modify, stay or supersede the preliminary injunction. In *Safford v. Flemming*, 13 Ida. 271, 89 P. 827, it is said that the granting of an injunction pendente lite rests in the sound discretion of the court.

In *Castlebury v. Harte*, 15 Ida. 399, 402, 98 P. 293, in the course of that opinion it is said:

"Where the title and possession of real estate is in litigation and each of the litigants claims the same, upon a proper showing, an injunction *pendente lite* will be granted to preserve the land in *statu quo* pending the litigation. Under subdiv. 2 of sec. 4288 Rev. Stat., [now 6-402, I.C.A.] it is provided that an injunction may be granted when it appears by the complaint or affidavit or cross-complaint or affidavit of defendant that the commission or continuance of some act during the litigation would produce waste to the land in controversy. We think it sufficiently appears from the papers which were considered on the motion for an injunction that the cutting of the timber on the land in dispute would produce waste."

In *Staples v. Rossi*, 7 Ida. 618, 65 P. 67, the following language is used:

"It has been held repeatedly in this court that the granting of an injunction is a matter within the discretion of the lower court and the judge thereof, and that that discretion should not be disturbed except in cases of clear abuse of discretion. The allegations of the complaint, if sustained at the trial, will establish the ownership of the plaintiffs in the mining ground described, and to the timber cut therefrom by appellants, and which they have been

temporarily restrained from removing, and the plaintiffs should be protected until the question of ownership is determined. If plaintiffs succeed in establishing their title, *they are entitled to protection to their property in specie.* Without the aid of injunction I know of no other remedy which will fully protect them in their rights." (Italics ours.)

In *Gilpin v. Sierra Nevada Con. Min. Co.*, 2 Ida. 696, 703, sec. 4288 R.S., [now 6-402, I.C.A.] was construed. In that case *inter alia* it was held: "Where a party makes a prima facie case that he is in possession of the claim * * * he is entitled to an injunction restraining other parties * * * from extracting ore * * * until the matter can be determined on its merits." (Syllabus.) The court's order of October 13, 1943, if sustained, would result in not preserving the property in statu quo until the subject matter of the litigation was finally disposed of on its merits.

As stated in *Price v. Grice,* 10 Ida. 443, 452, 79 P. 387:

"It is stated in section 1148, 2 Spelling on Injunctions and Extraordinary Remedies, that all of the authorities agree that the *granting* or *dissolving* of an injunction, where the facts are in dispute, is within the discretion of the chancellor, nor will the action of the chancellor be reversed unless it is claimed that he has committed an error or *abused a sound judicial discretion.*" (See *Harriman v. Woodall,* 31 Ida. 750, 176 P. 565.) (Italics ours.)

*In Shields v. Johnson,* 10 Ida. 454, 79 P. 394, we said:

"A large discretion is vested in the trial court in the granting of temporary injunctions to hold property *in statu quo* pending the determination of the action, and its exercise will not be reversed on appeal unless a clear abuse is shown." (Syllabus.) (See also *Weber v. Della Mountain Min. Co.,* 11 Ida. 264, 81 P. 931.)

Quoting from *Staples v. Rossi,* supra:

"A preliminary injunction is not a matter of strict right. Its issuance rests in the sound discretion of the court; and the exercise of this discretion in granting or refusing the injunction will not, as a general rule, be reviewed on appeal, or otherwise controlled or interfered with" unless a clear abuse of discretion is shown.

The preliminary injunction of October 12, 1943, was properly issued in order that the subject matter might be

preserved in statu quo until the final determination of the cause. The court had jurisdiction to entertain defendant's application to stay or supersede the preliminary injunction (*Rowland v. Kellogg Power & Water Co.*, 40 Ida. 216, 233 P. 869), but in doing so the court plainly and clearly abused the sound judicial discretion vested in it by its order staying and superseding the injunction issued October 12, 1943. Where there is a clear and plain abuse of discretion shown, and great and irreparable injury would result therefrom, the court's order should be set aside on that ground. That the court did clearly abuse its discretion is to my mind conclusively established by the record. Consequently, its order of October 13, supra, was erroneous and should be set aside and the injunction issued October 12, supra, reinstated.

Under the provisions of sec. 13-202, I.C.A., the writ of review was properly issued. There was no other speedy and adequate remedy to preserve the subject matter in controversy in statu quo until a final determination of the cause. Conceding, but not deciding, that an appeal would lie from the order of October 13, supra, it would not constitute a speedy and adequate remedy for the reason that all of the timber might well be removed prior to the determination of the litigation in the district court, and on appeal, in case appeal be taken. Moreover, it has been held that even in case appeal may be taken, if the latter be ineffectual as a remedy, a writ of review will lie. (*Paul v. Armstrong*, 1 Nev. 82.)

As said in 28 Am. Jur. 236, sec. 39:

"It is difficult, if not impossible, to formulate a definition or rule that will be a sufficient guide in all cases in determining the existence of a legal remedy of such an adequate and complete character as will preclude relief by injunction. The matter must be determined from the facts and circumstances of each particular case. *It is not enough that there is a remedy at law.* But the remedy, to preclude injunction, must be certain and reasonably prompt, and as practicable and efficient to the ends of justice and its administration, both in respect of the final relief and the mode of obtaining it, as an injunction would be. The chief cause of the inadequacy of the remedies at law lies in the fact that the injury is irreparable * * * Where an irreparable and continuing unlawful injury is threatened to private

property and business rights, equity will generally enjoin it in behalf of the persons whose rights are to be invaded * * *." (Italics ours.)

For reasons above stated and others that might well be given, I am thoroughly convinced that the district court erred in staying or superseding the injunction issued October 12, 1943; that in doing so it clearly abused its discretion, its action being wholly unwarranted.

The cause should be reversed and remanded with instructions to set aside the order of October 13, 1943, and reinstate the injunction issued October 12, 1943.

Givens, J., concurs.