401 P.2d 799

**BOISE COMMUNITY HOTEL COMPANY,**

a Corporation, Petitioner,

**v.**

**BOARD OF EQUALIZATION OF ADA**

**COUNTY, Defendant.**

**No. 9530.**

Supreme Court of Idaho.

May 4, 1965.

Richards, Haga & Eberle, Boise, for petitioner.

565

Givens, Doane, Givens & Manweiler, Boise, for defendant.

McQUADE, Chief Justice.

On June 25, 1964, Boise Community Hotel, Inc., petitioned for a writ of review or of mandate in the alternative. The prayer in the petition recites:

"1. That the Defendant Board be ordered to forthwith determine the uniform ratio of assessment to full cash value of real property for 1964 before equalizing assessments, or show cause why it should not be required as a matter of law to establish a uniform ratio of assessment to full cash value for all real properties throughout Ada

County for 1964 prior to equalizing assessments in Ada County;

"2. That the Defendant, said Board, be ordered to forthwith apply the uniform ratio of assessment to full cash value to equalize the assessment of the property of Petitioner, or show cause why it should not equalize the assessment value of the property of Petitioner at the same uniform percentage or ratio of full cash value as applied to all other real properties located throughout Ada County;

"3. That said Defendant Board be ordered to show cause why it should not certify to this Court all of its files, records, papers, worksheets, transcripts and other papers or proceedings, if any, establishing, or purporting to establish any alleged uniform ratio to be used in equalization of properties in Ada County, so that the same may be reviewed by this Court, to desist from further proceedings until the matter is reviewed, and for the Court to decree that the properties of Plaintiff should not be valued at a percentage greater than a properly established uniform percentage of full cash value of all real property in the County of Ada, and

"4. For such other relief as may be just and equitable."

On the 17th day of July, 1964, the court ordered the defendant board to show cause why such writ of review should not be issued, requiring the board to certify and return proceedings, if any, had by it relating to the establishment of the uniform ratio of assessment to full cash value to be applied, or why a writ of mandate should not be issued if no determination has been made, requiring the board to determine what the uniform ratio of assessment to full cash value of real property is prior to equalizing assessments and why said ratio should not be applied to the properties in question.

On August 31, 1964, a return to the order to show cause was filed, by which the defendant, Board of Equalization of Ada County, alleges that most of the real property in Ada County had been assessed at the time of the prior decision, Boise Community Hotel, Inc. v. Board of Equalization, 87 Idaho 152, 391 P.2d 840 (1964), but as a result of that decision, the defendant determined to apply an equalizing factor of 15.552% of full cash value to all protested cases during 1964. 15.552% represents the average of all equalizing factors for the five-year period from 1958 through 1963. The defendant declares its intention to apply such equalizing factor to the property of the petitioner and a uniform equalizing factor to all property subject to ad valorem taxation for the year 1965 and all subsequent

years unless or until the law is changed or modified.

A motion to strike the return was denied on the 20th day of October, 1964.

The defendant, in the statement of facts contained in its brief, pointed out that the petitioner has appealed from the order of the Board of Equalization of Ada County to the State Tax Commission, and also that the Board of Equalization had applied the uniform assessment ratio of 15.552% to the disputed property.

Because of the determination of the uniform ratio for the disputed assessments of 1964, the relief which petitioner seeks herein by the writ of mandate, it has obtained.

I.C. § 7–202 provides for issuance of a writ of review in the absence of an adequate remedy at law and this court has uniformly so held. Gasper v. District Court, 74 Idaho 388, 264 P.2d 679 (1953); Beus v. Terrell, 46 Idaho 635, 269 P. 593 (1928); Neil v. Public Utilities Commission, 32 Idaho 44, 178 P. 271 (1919).

The application for writ of review or writ of mandate in the alternative is denied.

No costs allowed.

McFADDEN, TAYLOR and KNUDSON, JJ., concur.

ASCHENBRENER, District Judge, sat at the hearing but died before final decision of the cause.